Kearney Earl NASH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–82–00069–CR to 05–82–00071–CR.

Court of Appeals of Texas,
Dallas.

May 16, 1983.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

WHITHAM, Justice.

Appellant appeals three convictions for involuntary manslaughter arising out of the deaths of three persons riding in an automobile which was struck by an automobile driven by appellant. The jury assessed punishment, enhanced, at twenty (20) years confinement in the Texas Department of Corrections and a fine of $10,000.00 in each case. We affirm.

In his first ground of error appellant contends that the trial court committed error in overruling his requested instruction of the lesser included offense of criminally negligent homicide. Appellant raised the defense of insanity. Appellant points to medical testimony he introduced in support of that defense as also providing the requisite evidence sufficient to raise the issue of criminally negligent homicide. That evidence described appellant as suffering from a mental disease referred to as "post-traumatic stress syndrome" resulting from military service in Vietnam. Appellant tells us in his brief that this mental disease placed him in a position in which he did not "really

know what [he] was doing," was "totally unable to make decisions based on rational thinking or logic" and rendered appellant "unaware of the dangers that confronted [him]" and "of the consequences thereof." Under Tex.Penal Code Ann. § 6.03(d) (Vernon 1974):

> A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct *when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur.* The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. (emphasis ours).

Appellant contends that this medical testimony proved that appellant "was sufficiently hampered to the point that he was *unaware* of the risks to himself or to others" (emphasis added) and, therefore, entitled to a charge on criminally negligent homicide. For the purposes of this opinion we assume, but do not decide, that the medical testimony is evidence that appellant was not aware of the risk because of mental disease. We disagree, however, with appellant's contention that evidence of his inability to be aware of the risk supports a charge on criminally negligent homicide. Under the statute a person acts with criminal negligence when he "ought to be aware." Thus, whether appellant "ought to be aware" is the standard by which the determination is made; not whether he was in fact unable to be aware. We conclude that the evidence relied on by appellant does not reach the question of whether appellant "ought to be aware" of the risk. Accordingly, we hold that the requisite evidence sufficient to raise the issue of criminally negligent homicide is not shown and that the trial court, therefore, did not err in refusing the requested charge. Appellant's first ground of error is overruled.

 In his second ground of error appellant contends that the trial court erred

in overruling his objection to the prosecutor's cross-examination of appellant at the punishment phase concerning the facts and details of a robbery and attempted murder resulting in two prior convictions of appellant, one of which had been alleged for enhancement to which appellant had pleaded true. We conclude that the appellant let the first question inquiring into the details of the prior offense go by without objection and that his objection to the second and subsequent questions comes too late to preserve any error. The first and second questions and appellant's answer to the first are as follows:

> Q: This didn't occur out on the street, it occurred in somebody's home, didn't it?
>
> A: Yes.
>
> Q: You went in somebody's home with a gun and shot one of the occupants of the house while you were robbing them. Is that what we are talking about?

At this point appellant interposed his objection which the court overruled, whereupon the prosecutor proceeded to show further facts and details of the prior offense. Objection to testimony must be made as soon as the ground of objection becomes apparent. *Guzman v. State,* 521 S.W.2d 267, 269 (Tex.Cr.App.1975); *Compton v. State,* 500 S.W.2d 131, 134 (Tex.Cr.App.1973); *Sierra v. State,* 482 S.W.2d 259, 263 (Tex.Cr.App. 1972). That the prior offense occurred in a home is a fact and detail of the prior offense. We conclude, therefore, that when the prosecutor asked the first question it should have been apparent to appellant that the prosecutor was attempting to show the facts and details of the prior offense. We hold, therefore, that appellant's objection came too late to preserve error. Appellant's second ground of error is overruled.

 In his third ground of error appellant contends that the trial court erred in overruling his objection to evidence of an extraneous offense. At the scene of the crime appellant had been pulled from his burning automobile by a police officer and placed under arrest. Appellant was then searched by the officer who found marihuana cigarettes on his person. The trial court,

over objection, permitted the officer to testify to these facts. In the present case the record shows that in the early morning hours a police officer on routine patrol observed an automobile leave the parking lot of a bar. Appellant was driving the automobile. Appellant committed traffic violations upon exiting the parking lot, the police officer followed and appellant fled at a high rate of speed. At the end of the chase appellant was going 110 miles per hour northbound in the southbound lanes of a major Dallas freeway, whereupon his automobile struck a vehicle occupied by four persons, three of whom were killed. We conclude that under these facts the contraband found in appellant's possession at the scene of the crime was admissible as part of the res gestae. Cf. *Maxey v. State,* 157 Tex.Cr. 405, 249 S.W.2d 66, 69 (1952) (appellant convicted of negligent homicide in an automobile collision) in which the court stated:

> Bills of exception appear complaining of the receipt in evidence of the testimony showing that, at the time, the Lincoln automobile was loaded with a large quantity of beer and whisky. Among the objections to such testimony was that it was proving another and extraneous offense and was prejudicial to the appellant and immaterial.
>
> The fact that the Lincoln automobile was so loaded was part of the res gestae and admissible for whatever weight the jury might give thereto.

Appellant's third ground of error is overruled.

Affirmed.

MALONEY, J., concurs in the result.