Sigma F. RICHARDSON, Appellant,

v.

The STATE of Texas, State.

No. 2–90–046–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 9, 1991.

Zachry, Hill, Beatty, Butcher & Gallagher, and Tom L. Zachry, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Christian Harrison, Fort Worth, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Sigma F. Richardson appeals from her conviction by a jury of the offense of murder. The jury assessed her punishment at fifty years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. She contends in two points of error that the trial court erred in failing to include in its charge to the jury the lesser-included offense of criminally negligent homicide, and in failing to include the defense of accident or the requirement of a voluntary act or omission under section 6.01(a) of the Texas Penal Code.

We reverse and remand because the trial court erred in failing to charge the jury on the lesser-included offense of criminally negligent homicide since there is some evidence that if she is guilty at all she is only guilty of that lesser-included offense. We hold that the trial court did not err by failing to include a charge respecting the voluntariness of Richardson's conduct.

Richardson contends in point of error number one that the trial court erred in failing to include in its charge to the jury the lesser-included offense of criminally negligent homicide.

■ We must first determine whether the evidence at trial shows a lesser-included offense within the proof of the offense charged. *Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987). A determination of whether an offense is a lesser-included offense of the charged offense can only be made on a case-by-case basis. *Id.* at 153. We must also determine if there is some evidence in the record that if the defendant is guilty, he or she is not guilty of the alleged offense but is guilty only of the lesser-included offense. *Day v. State,* 532 S.W.2d 302, 307 (Tex.Crim.App. 1975).

■ In a statement given to police, Richardson admitted that the deceased, her husband, was shot while she had a gun pointed at his back. She said that just prior to the fight they had argued, had fought, and the deceased had made threats. She said that she acted like she was going to stab him with a small knife, but that that did not scare him, so she picked up the gun from off of the television. She said, "... but I knew that the gun wasn't loaded, only about 2 or 3 bullets in it." She went on to say that they were wrestling over the gun with it pointed at the deceased's back when the gun fired and the deceased fell to the floor.

The deceased's brother (Ronald Richardson) said that after the shooting Richardson, who was in a state of shock, told him that, "they was playing with a gun and it went off." Another brother (James Richardson) related a prior occasion at which Richardson, during an argument at their home, pointed a cocked pistol at the deceased. He indicated that Richardson was crying and saying, "I'm going to kill you."

Richardson's mother-in-law, the deceased's mother, testified that Richardson told her over the phone that she and the deceased had been playing with the gun and that they thought that all the bullets were out of the gun.

"The key to criminal negligence is the failure of the actor to perceive the risk." *Still v. State,* 709 S.W.2d 658, 660 (Tex. Crim.App.1986). "Pertinent to a determination of whether the evidence shows an awareness of the risk that circumstances exist or that the result will occur are

factors like a defendant's familiarity with the gun and its potential for injury; a defendant's conduct in handling the gun; how the weapon could be fired; and how the weapon was actually fired, i.e., attendant circumstances." *Id.*

We hold that the evidence supports both the premise that Richardson was aware of the risk, as well as the premise that she was not. She had used a gun before, but there is at least some evidence that on this occasion she thought that the gun was not loaded. Additionally, the evidence would support a conclusion that the shooting was accidental. The accidental discharge, taken in conjunction with Richardson's belief that the gun was unloaded, would raise an inference that she did not perceive a risk of injury or death in what she thought was an unloaded gun. *Thomas v. State,* 699 S.W.2d 845, 851 (Tex.Crim.App.1985). Consequently, the trial court erred by failing to submit the instruction on criminally negligent homicide.

The State relies on *Thomas,* 699 S.W.2d at 845; *Dowden v. State,* 758 S.W.2d 264 (Tex.Crim.App.1988); *Tompkins v. State,* 774 S.W.2d 195 (Tex.Crim.App.1987); *Still,* 709 S.W.2d at 658; *Mendieta v. State,* 706 S.W.2d 651 (Tex.Crim.App.1986), as well as many Court of Appeals cases, including *Wong v. State,* 745 S.W.2d 563 (Tex.App.—Waco 1988, no pet.); *Richardson v. State,* 733 S.W.2d 947 (Tex.App.—Austin 1987), *pet. granted then vacated,* 761 S.W.2d 19 (Tex.Crim.App.1988); *Miranda v. State,* 739 S.W.2d 473 (Tex.App.—Corpus Christi 1987, no pet.); *Veracruz v. State,* 713 S.W.2d 745 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd); *Pimentel v. State,* 710 S.W.2d 764 (Tex.App.—San Antonio 1986, pet. ref'd); *Richardson v. State,* 663 S.W.2d 111 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *Ross v. State,* 658 S.W.2d 846 (Tex.App.—Fort Worth 1983), *aff'd,* 678 S.W.2d 491 (Tex.Crim.App.1984);

*Borns v. State,* 674 S.W.2d 879 (Tex.App.—Dallas 1984, no pet.); and *Nash v. State,* 651 S.W.2d 432 (Tex.App.—Dallas 1983), *aff'd,* 664 S.W.2d 343 (Tex.Crim.App.1984). We have examined all of these cases and find that they are all distinguishable because none of them involve a shooting in which there is some evidence both of an accidental discharge, combined with some evidence that the defendant thought that the gun was unloaded. We sustain point of error number one.

In point of error number two Richardson contends that the trial court erred by failing to include in its charge to the jury the defense of accident or the requirement of a voluntary act or omission under section 6.01(a) of the Texas Penal Code.

As Richardson acknowledges in her brief, there is no defense of accident, and the issue, if it is raised by the evidence, may be submitted by a charge on the issue of the voluntariness of the defendant's conduct. *See Williams v. State,* 630 S.W.2d 640, 644 (Tex.Crim.App.1982). We therefore hold that the trial court did not err by failing to charge on the defense of accident.

As to Richardson's claim that the trial court erred by failing to submit a charge respecting the voluntariness of her conduct, we find that such a charge was not required under the facts of this case. *See George v. State,* 681 S.W.2d 43, 47 (Tex.Crim.App.1984). We overrule point of error number two.

The judgment is reversed and this cause remanded for a new trial.