Serapio **MIRANDA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–523–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1987.

Alfredo Jimenez, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged with murder. The jury found him guilty of voluntary manslaughter and assessed punishment at twenty years' confinement with a $10,-000.00 fine. As his sole point of error, appellant contends that the trial court should have charged the jury on criminally negligent homicide.

There is conflicting evidence concerning the sequence of events leading to the death of John Andrew Mendoza. According to appellant, he and Sandra Landeros, his girlfriend, went to a convenience store to purchase a few items. When they left the convenience store they were approached by two men identified as Mendoza, the deceased, and Mendoza's uncle, Samuel Saldana. Saldana ordered appellant to "Give me your money or else." When appellant refused, Mendoza, the deceased, struck him. A fight ensued whereupon Sandra took a pistol belonging to appellant out of her purse and fired one shot in the air and two shots toward the feet of the deceased and his uncle. No one was injured by these shots. The deceased said, "She's run out of bullets." He then reached into his pocket for his knife, dropped it, and picked it back up. About this same time the appellant ran to where Sandra was standing, grabbed the gun from her and fired it. The bullet struck the deceased in the forehead, killing him.

The jury was instructed on the law of murder, self-defense, voluntary manslaughter and involuntary manslaughter. Appellant complains in his sole point of error that in addition to those charges the jury should have been instructed on the law of criminally negligent homicide. Appellant presented his objection to the trial judge before the charge was read to the jury. The objection was denied. The appellant does not challenge the sufficiency of the evidence of the conviction.

Criminally negligent homicide is defined in Tex.Penal Code Ann. § 19.07(a) (Vernon 1974) as causing the death of an individual by criminal negligence. "Criminal negligence" is defined in § 6.03(d):

> A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

■ A charge of a lesser included offense is required to be submitted to the jury if the lesser included offense is included in the proof necessary to establish the offense charged, and if there is some evidence in the record that if defendant is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981). Criminally negligent homicide is a lesser included offense of murder. *Thomas v. State*, 699 S.W.2d 845, 847 (Tex.Crim.App.1985).

■ The essence of criminal negligence is the failure of the actor to perceive the risk created by his conduct. *Mendieta v. State*, 706 S.W.2d 651, 652 (Tex.Crim. App.1986). Before a charge on this particular crime is required, the record must contain evidence that shows the defendant was unaware of the risk his conduct was creating. *Mendieta v. State*, 706 S.W.2d at 653; *Villarreal v. State*, 706 S.W.2d 689, 691 (Tex.App.—Corpus Christi 1986, no pet.). Evidence that raises the awareness issue includes a defendant's familiarity with a gun, its potential for injury, how the weapon was actually fired and other attendant circumstances. *Still v. State*, 709 S.W.2d 658, 660 (Tex.Crim.App.1986). The credibility of the evidence, the source of the evidence, and whether it conflicts with other evidence is not considered. *Thomas v. State*, 699 S.W.2d at 849; *Smith v. State*, 721 S.W.2d 524, 527 (Tex.App.—Corpus Christi 1986, no pet.).

Appellant contends his testimony raised the issue of criminally negligent homicide. In this respect, appellant testified he did not point or aim his gun at the deceased, but fired it, "Just to get him away from me." But on cross-examination he said, "I just shot at him to get him out of my way." The testimony that he fired his gun to ward off his assailant and that he "shot at" the deceased shows that appellant perceived the risk of harm his conduct created. *See Mendieta v. State*, 706 S.W.2d at 653; *Villarreal v. State*, 706 S.W.2d at 691.

■ Additionally, appellant contends that since there was a question of whether the gun contained live rounds, the issue of criminally negligent homicide was raised. However, there was no evidence in the record that the appellant *believed* the gun was unloaded. He testified he was not aware "if it had bullets or not" yet he was aware three or four bullets had already been fired from his own gun. Appellant's testimony that he fired his gun with the intention of keeping the deceased away from him indicates appellant was actually aware of the risk created by his action. *See Thomas v. State*, 699 S.W.2d at 852.

After reviewing the entire record, there was no evidence to show that appellant possessed the requisite culpable mental state so that if guilty he was guilty only of criminally negligent homicide. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.