Chance Edward SAUNDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–363–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 9, 1989.

---

Janet Morrow, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of murder and made an affirmative finding on the use of a deadly weapon. The jury assessed as punishment seventy-five years' confinement in the Texas Department of Corrections. By five points of error, appellant challenges the sufficiency of the evidence to support his conviction, and he contends the trial court erred in failing to submit a requested charge on criminally negligent homicide, and abused its discretion in failing to allow defense counsel either to ask certain questions during voir dire or to inform the jury of the State's burden of proof. We affirm.

The State's evidence shows that on October 17, 1987, at approximately 7:30 a.m., police found the body of five-month-old Darrell McFadden inside an apartment. Both appellant and Darrell's mother, Reba Ann McFadden, were present when the police discovered Darrell's body. At the scene, appellant told police what had happened the previous night. He said that McFadden went to work, leaving him in charge of the baby. At 11:00 or 11:15, he fed the baby some water and went to sleep. He next remembered McFadden waking him saying that Darrell was dead.

Dr. Espinola testified that Darrell's death resulted from two causes: (1) a subdural hemorrhage and (2) a skull fracture. Regarding the second cause of death, Espinola testified that a human hand squeezing Darrell's skull caused it to fracture. Hands the size of appellant's could have caused the fracture. Espinola opined that Darrell lived three to four hours after receiving the fracture. Even if Darrell had not experienced the subdural hemorrhage, the skull fracture and resulting epidural hemorrhage would have caused death.

The defense introduced evidence showing that McFadden's hands could have also produced Darrell's skull fracture. The defense relied on testimony indicating that prior to trial, Espinola said that Darrell's skull fracture occurred three days prior to his death. Defense testimony also alleged Espinola said that the subdural hemorrhage occurred three to five days before the skull fracture and that Darrell's death occurred within twelve hours of the time his body was found. The defense also showed that the subdural hemorrhage was caused by a blow to the top of the head and that the skull fracture could have been caused by a blow or by squeezing. The defense showed that the epidural injury existing as a single injury probably took six hours to cause death.

Appellant, in his first two points of error, complains that the evidence is insufficient to support his conviction. Initially, he argues the evidence is insufficient to prove he was the person who inflicted the injury causing Darrell's death.

In reviewing the sufficiency of the evidence, we must determine whether after

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We must review all the evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime.

In a circumstantial evidence case, Texas law does not require that the circumstances exclude every hypothesis. We are satisfied if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Castillo v. State,* 739 S.W.2d 280, 288 (Tex.Crim.App.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 2889, 101 L.Ed.2d 924 (1988). Even though conflicts exist in the testimony, the trier of fact is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by the State or defense witnesses. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App.1978); *Garcia v. State,* 750 S.W.2d 922, 923 (Tex.App.—Corpus Christi 1988, no pet.).

Appellant contends the State failed to exclude the reasonable hypothesis that McFadden committed the offense. We disagree. McFadden was seen working at 10:30 p.m. on October 16. She did not leave work until about 6:50 a.m. the next day. Though somewhat confusing, Dr. Espinola testified that Darrell died sometime between midnight and 5:30 a.m. on October 17. He said that Darrell could not have lived more than four hours after receiving his skull fracture. The evidence further shows that once Darrell received his fracture, he would have lost consciousness within a minute. Appellant told police that he fed Darrell at 11:00 or 11:15 the night before he was found dead. Thus, Darrell must have received his fracture after being fed. We conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was the person who inflicted the injury that caused Darrell's death.

Appellant also complains the circumstantial evidence was insufficient to prove beyond a reasonable doubt that death was caused by the means alleged in the indictment. The indictment alleges that appellant caused Darrell's death by squeezing his head with his hand. Appellant argues the State failed to exclude the reasonable hypothesis that blows to Darrell's head caused his death. Dr. Espinola opined that a hand was used to squeeze Darrell's head, causing a skull fracture. He based his opinion on the nature of the fracture and his discovery of a "pattern of hands" on Darrell's scalp. Espinola ruled out the possibility that blows to Darrell's head caused his fracture. We conclude that a rational trier of fact could have found beyond a reasonable doubt that Darrell's death was caused by the means alleged in the indictment.

Appellant next complains the circumstantial evidence is insufficient to prove beyond a reasonable doubt that he intentionally or knowingly committed an act clearly dangerous to human life. The State's indictment alleges appellant did unlawfully "intend to cause serious bodily injury to DARRELL THOMAS MCFADDEN ... and did cause the death of the Complainant by intentionally and knowingly committing an act clearly dangerous to human life,...." Appellant argues the State failed to prove beyond a reasonable doubt that he either had a conscious objective or desire to create a substantial risk of death by squeezing Darrell's head or that he was subjectively aware that this act created a substantial risk of death.

Intent and knowledge can be inferred from the accused's acts, words, and conduct. *Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App.1982); *Brown v. State,* 704 S.W.2d 506, 507 (Tex.App.—Dallas 1986, pet. ref'd). An act clearly dangerous to human life is one that creates a substantial risk of death. *Depauw v. State,* 658 S.W.2d 628, 634 (Tex.App.—Amarillo 1983, pet. ref'd). The evidence shows that a skull fracture caused Darrell's death. According to Dr. Espinola, the fracture was caused by squeezing Darrell's skull more

than once. Taking into account the facts recited above and those adduced at trial, the extent and manner of the injuries and the relative size and strength of the parties, *Lindsey v. State*, 501 S.W.2d 647, 648 (Tex.Crim.App.1973), *cert. denied*, 416 U.S. 944, 94 S.Ct. 1953, 40 L.Ed.2d 296 (1974), we conclude that a rational trier of fact could have found intent and knowledge beyond a reasonable doubt. We further conclude that a rational trier of fact could have found beyond a reasonable doubt that squeezing a baby's head more than once is an act clearly dangerous to human life.

By point three, appellant complains the trial court erred by failing to submit his requested charge on criminally negligent homicide which was a lesser included offense in this case. Specifically, appellant points out that since the evidence raised the issue that he failed to perceive the risk that squeezing Darrell's head would cause his death, the jury should have been given the opportunity to convict him of the lesser offense of criminally negligent homicide.

A charge of a lesser included offense is required to be submitted to the jury if the lesser included offense is included in the proof necessary to establish the offense charged, and if some evidence indicates that if the accused is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim. App.1981). Criminally negligent homicide is a lesser included offense of murder. *Thomas v. State*, 699 S.W.2d 845, 847 (Tex. Crim.App.1985).

The essence of criminal negligence is the failure of the actor to perceive the risk created by his conduct. *Mendieta v. State*, 706 S.W.2d 651, 652 (Tex.Crim.App. 1986). Before a charge on this particular crime is required, the appellate record must contain evidence that shows the accused was *unaware* of the risk his conduct was creating. *Mendieta*, 706 S.W.2d at 653; *Miranda v. State*, 739 S.W.2d 473, 475 (Tex.App.—Corpus Christi 1987, no pet.). The credibility of the evidence, the source of the evidence, and whether it conflicts with other evidence is never considered.

*Thomas*, 699 S.W.2d at 849; *Miranda*, 739 S.W.2d at 475.

The evidence shows that Darrell's death resulted from a skull fracture by having his head squeezed more than once. This caused death independent of the subdural hemorrhage. We find no evidence from any source indicating that if appellant was guilty of causing Darrell's death by squeezing his head, he was only guilty of criminally negligent homicide. Thus, the trial court did not err in refusing to instruct the jury on the lesser included offense.

By point four, appellant contends the trial court abused its discretion by not allowing him to fully voir dire prospective jurors regarding their ability to consider the full range of punishment. In order to determine whether pretrial publicity had tainted prospective jurors, the State and defense counsel agreed to inform the jury panel about the victim's age. When defense counsel addressed the panel, he asked the panel to let him know whether or not they could give appellant probation even though the victim was a five-month-old child. After counsel questioned several jurors, the State objected to counsel asserting the victim's age and the trial court sustained the objection.

The control of voir dire examination rests within the sound discretion of the trial court. *Ussery v. State*, 651 S.W.2d 767, 772 (Tex.Crim.App.1983). That discretion is not limitless, however, and is subject to review for an abuse of discretion.

The decision of a trial court to restrict voir dire may only be reviewed to determine whether the restriction constituted an abuse of discretion. *Gardner v. State*, 730 S.W.2d 675, 689 (Tex.Crim.App. 1987), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). Discretion is abused when a proper question about a proper area of inquiry is prohibited. *Smith v. State*, 513 S.W.2d 823, 827 (Tex. Crim.App.1974). The test for reviewing a trial court's restriction of voir dire turns on whether the question is *proper*. In other words, if the question is proper, an answer

denied prevents intelligent use of the peremptory challenge and harm is shown. *Powell v. State*, 631 S.W.2d 169, 170 (Tex. Crim.App.1982). Consequently, an accused must show that the question he sought to ask was proper; a proper question is one which seeks to discover a juror's views on an issue applicable to the case. *Allridge v. State*, 762 S.W.2d 146, 163 (Tex.Crim.App. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989).

In *Mathis v. State*, 576 S.W.2d 835, 839 (Tex.Crim.App.1979), our Court of Criminal Appeals stated that an accused may question prospective jurors concerning their feelings about the range of punishment and probation so that he can intelligently exercise his peremptory challenges. However, when the accused asks a jury panel whether they could assess a minimum sentence under certain described facts, this represents an improper attempt to commit prospective jurors to what their verdict would be with regard to a particular fact situation. *Williams v. State*, 481 S.W.2d 119, 121 (Tex.Crim.App.1972); Furthermore, voir dire may not include details of a particular offense. *White v. State*, 629 S.W.2d 701, 706 (Tex.Crim.App.1981); *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982); *Aquino v. State*, 710 S.W.2d 747, 752 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (trial court did not abuse its discretion in refusing to allow the accused to ask prospective jurors a question based on facts particular to his case concerning whether they would be able to consider probation if they found he used a knife to murder the victim).

In the instant case, appellant attempted to ask a potential juror whether he could assess a minimum sentence even though the victim was a five-month-old child. This represents an improper attempt to commit prospective jurors to what their verdict would be with regard to a particular fact situation. We note that appellant was still able to question prospective jurors regarding their ability to consider probation. The State and defense counsel had agreed to mention the victim's age only to determine whether publicity had influenced the jury. We hold the trial court did not abuse its discretion in refusing to let appellant ask a question that was based on facts peculiar to the case on trial.

By point five, appellant argues the trial court abused its discretion in refusing to allow him to inform prospective jurors that in a circumstantial evidence case, the State's evidence must exclude every other reasonable hypothesis except the defendant's guilt, in order to constitute proof beyond a reasonable doubt. During voir dire, counsel discussed with the jury the nature of a circumstantial evidence case. He told them, in effect, that circumstantial evidence law requires the State to exclude every reasonable hypothesis. The State objected and the trial court asked counsel what he wanted to say. Counsel replied, "[T]hat in order to have a circumstantial evidence case and prove it beyond a reasonable doubt, that they must exclude every reasonable hypothesis." The trial court sustained the objection.

Here, appellant wanted to inform the panel regarding the law of circumstantial evidence. He was not trying to discover a juror's views on an issue applicable to the case. *Allridge*, 762 S.W.2d at 163. The trial court has the duty to instruct the jury concerning the law of the case. Moreover, appellant readily concedes that he was allowed to discuss with the panel the difference between direct and circumstantial evidence and the relation of circumstantial evidence to proof beyond a reasonable doubt. We hold the trial court did not abuse its discretion by not permitting appellant to inform the panel regarding circumstantial evidence law. We overrule all of appellant's points of error and AFFIRM the trial court's judgment.