**Chance Edward SAUNDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 069–90.**

Court of Criminal Appeals of Texas, En Banc.

May 13, 1992.

Rehearing Denied Nov. 4, 1992.

Janet Morrow (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy Taft, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

A jury convicted appellant of murder and assessed his punishment at seventy-five years imprisonment. The conviction was affirmed. *Saunders v. State*, 780 S.W.2d 471 (Tex.App.—Corpus Christi 1989). We granted appellant's petition to determine whether a requested jury instruction for the offense of criminally negligent homicide should have been given.

Two months after the seventeen year-old appellant began sharing an apartment with his girlfriend, Reba Ann McFadden, McFadden's five month-old child Darrell was found dead in his crib. Fifteen days earlier a witness saw appellant cursing the crying baby, and telling the child to shut up while squeezing the back of his neck. A medical expert believed one cause of Darrell's death was an epidural hemorrhage stemming from fractures in the skull which probably were caused by squeezing the child's head with a hand on more than one occasion. The squeezing would not have required much pressure to cause the fracture, and no noise would accompany the fracture.

Other evidence indicated that at various times during the fifteen days prior to his death, Darrell appeared to have facial bruises and scratches. There were abrasions to the child's nose, ears, and chin, which were apparently caused by pinching. A hole at least one inch in diameter in the back of the head was an ulceration of a bruise or laceration which probably was caused by an instrument, not a hand. Bruises along the spine could have resulted from a fall, but more likely stemmed from moderately hard slaps or blows to the back. A healing injury to the liver was probably caused by a blow incurred about three days earlier. The child also suffered a subdural hemorrhage which contributed to his death. The subdural hemorrhage was caused by a shaking of the child or a blow to his head, occurring sometime about two weeks before death.

At trial appellant's counsel requested an instruction on criminally negligent homicide, dictating a proposed charge defining criminal negligence and applying that definition to allow conviction if the jury believed appellant with criminal negligence caused Darrell's death by squeezing his head. This request was denied without further discussion. The trial court did submit an instruction on the lesser offense of involuntary manslaughter.

The Court of Appeals noted that a charge on a lesser included offense must be submitted if two requirements are met: first, the lesser included offense must be included within the proof necessary to establish the offense charged; and second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense, citing *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App.1981) (opinion on rehearing). The court also noted that criminally negligent homicide is the failure of the actor to perceive the risk created by his conduct, and a charge is not required unless the evidence shows that the actor was unaware of the risk his conduct created.

The Court of Appeals examined the record and stated that it found no evidence from any source indicating that if appellant was guilty of causing the victim's death by squeezing his head, appellant was guilty only of criminally negligent homicide. The court concluded that the trial court did not err in overruling appellant's request for the jury charge on the lesser offense.

In his petition appellant complains that the Court of Appeals ignored evidence that appellant failed to perceive that the baby was in danger of dying, and that appellant may well not have perceived the nature and extent of the risk involved in squeezing the baby's head. Appellant refers to *Thomas v. State*, 699 S.W.2d 845 (Tex.Cr.App.1985), and argues that if the evidence raises two inferences regarding the accused's awareness of the risk, the jury should be instructed on both.

Criminally negligent homicide is a lesser included offense of murder, *Hunter v. State*, 647 S.W.2d 657 (Tex.Cr.App.1983), so the only question presented in this case is whether this record contains evidence that appellant is "guilty only" of criminally negligent homicide.

It is well established that if evidence from any source raises the issue of a lesser included offense, a charge on that offense must be included in the court's charge. *Ojeda v. State*, 712 S.W.2d 742 (Tex.Cr.App.1986), citing *Bell v. State*, 693 S.W.2d 434 (Tex.Cr.App.1985), and *Moore v. State*, 574 S.W.2d 122 (Tex.Cr.App.1978). The credibility of the evidence and whether it conflicts with other evidence must not be considered in deciding whether the charge on the lesser offense should be given. *Lugo v. State*, 667 S.W.2d 144 (Tex.Cr.App. 1984); *Thomas, supra* at 849, citing *Moore, supra.* Thus, regardless of the strength or weakness of the evidence, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given.

There are two ways in which the evidence may indicate that a defendant is guilty only of the lesser offense. First, there may be evidence which refutes or negates other evidence establishing the greater offense. For instance, if a defendant is charged with aggravated robbery and evidence is presented which indicates

the defendant may not have used a deadly weapon, then a charge on the lesser offense of robbery would be required. If, however, the defendant simply denies commission of the offense, see e.g., *McKinney v. State*, 627 S.W.2d 731 (Tex.Cr.App.1982); *McCardell v. State*, 557 S.W.2d 289 (Tex.Cr.App.1977), or there is no evidence specifically raising an issue regarding use of the weapon, see e.g. *Denison v. State*, 651 S.W.2d 754 (Tex.Cr.App.1983), and *Thomas v. State*, 543 S.W.2d 645 (Tex.Cr.App.1976), then the charge on the lesser offense would not be required.

Second, a defendant may be shown to be guilty only of the lesser offense if the evidence presented is subject to different interpretations. In *Thomas*, 699 S.W.2d at 851, this Court held that if the evidence raises two inferences regarding the defendant's awareness of the risk, then the jury should be instructed on both inferences, citing *Schoelman v. State*, 644 S.W.2d 727 (Tex.Cr.App.1983).

For instance, in *Lugo* the defendant was charged with murder. He claimed on appeal that the jury should have been charged on involuntary manslaughter. The evidence showed that the defendant pointed a loaded rifle at his wife to persuade her to relinquish the car keys. This evidence could have been interpreted to show that the defendant intentionally pointed the rifle at the wife knowing it was loaded and then intentionally shot her, or it could have been interpreted to show that the defendant consciously disregarded a substantial risk. This Court held that the evidence showed that the defendant could have been guilty only of the lesser offense and the charge should have been given. See also *Bell, supra,* and *Aguilar v. State*, 682 S.W.2d 556 (Tex.Cr.App.1985). But cf. *Godsey v. State*, 719 S.W.2d 578 (Tex.Cr.App.1986) (The evidence manifested only an intent to kill the officer and did not show mere threat with a gun so that a charge on aggravated assault or reckless conduct was required.)

■ In the instant case, appellant's mental state was shown circumstantially. No direct evidence was presented regarding appellant's intent to kill or injure, his knowledge that death could result, or his awareness that a risk of death existed. The evidence simply showed that appellant had squeezed the back of the baby's head fifteen days before the child's death, which was likely caused by a similar squeeze.

Although other circumstances existed from which a jury could conclude appellant knew his treatment of Darrell might kill him, a jury could also conclude based on the same evidence that appellant may not have known his actions could kill the baby, even though he ought to have been aware of this risk. Under the latter interpretation, appellant could have been guilty only of the lesser offense of criminally negligent homicide. Because this evidence was subject to different interpretations and raised the issue that appellant was criminally negligent in squeezing the child's head, appellant's requested instruction on criminally negligent homicide should have been given. The Court of Appeals erred in holding criminal negligence was not raised by the evidence.

We therefore reverse the judgment of the Court of Appeals and remand the cause to that court to conduct a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984). See *Arline v. State*, 721 S.W.2d 348 (Tex.Cr.App.1986).

WHITE, Judge, dissenting.

Today, a majority of this Court holds that the evidence in the instant case was subject to different interpretations, and could therefore be seen to have raised the issue that appellant was criminally negligent in his actions which resulted in the victim's death. The majority concludes that appellant should have received his requested instruction on criminally negligent homicide, reversing the decision of the Court of Appeals.[1] I believe the Court of Appeals reached the correct decision in the instant case, and dissent to the majority's reversal of that opinion.

1. *Saunders v. State*, 780 S.W.2d 471 (Tex.App.— Corpus Christi 1989).

In support of its belief that it found no evidence from any source to indicate that if he was guilty, appellant was guilty only of criminally negligent homicide, the Court of Appeals explained:

"The essence of criminal negligence is the failure of the actor to perceive the risk created by his conduct. *Mendieta v. State,* 706 S.W.2d 651, 652 (Tex.Cr.App. 1986). Before a charge on this particular crime is required, the appellate record must contain evidence that shows the accused was **unaware** of the risk his conduct was creating. *Mendieta,* 706 S.W.2d at 653; *Miranda v. State,* 739 S.W.2d 473, 475 (Tex.App.—Corpus Christi 1987, no pet.). The credibility of the evidence, the source of the evidence, and whether it conflicts with other evidence is never considered. *Thomas,* 699 S.W.2d at 849; *Miranda,* 739 S.W.2d at 475.

"The evidence shows that Darrell's death resulted from a skull fracture by having his head squeezed more than once. This caused death independent of the subdural hemorrhage. We find no evidence from any source indicating that if appellant was guilty of causing Darrell's death by squeezing his head, he was only guilty of criminally negligent homicide. Thus the trial court did not err in refusing to instruct the jury on the lesser included offense." [2]

This holding was based upon the requirements for the submission of an instruction on a lesser included offense set down in *Royster v. State.* The lesser included offense must be included within the proof necessary to establish the offense charged, and there must be some evidence in the record to indicate that if the defendant is guilty, he is guilty only of the lesser offense.[3] The majority's decision to reverse the Court of Appeals because the evidence in this case could be interpreted to imply

that appellant possessed the lesser mental state subverts the second requirement of *Royster.*

The majority relies not upon the evidence in the record before the trial court, but upon its own view of an inferential implication of that evidence. This is not a proper application of *Royster.* A possible inference of a lesser included theory of guilt does not amount to evidence sufficient to show that if a defendant is guilty, he is guilty only of the lesser included offense.[4] Under the record in the instant case, appellant was not entitled to his requested instruction.

A defendant must be able to point to evidence in a record that shows, exclusively, that he could be guilty only of the lesser included offense. The idea that one can extrapolate two separate and distinct inferences from an item of evidence presupposes that item of evidence does not possess the nature of proof called for in the *Royster* test: an exclusive showing of guilt only of the lesser included offense.

Within the context of traditional *Royster* analysis, I believe the Court of Appeals properly relied upon *Mendieta v. State* in arriving at the correct decision. The record of the instant case, as in *Mendieta,* reveals evidence which "entitled appellant to a charge on involuntary manslaughter, but did not raise criminally negligent homicide." [5]

This Court relied upon *Mendieta* in resolving a dispute similar to the instant case in *Tompkins v. State,*

V.T.C.A., Penal Code, Section 6.03(d), defines "Criminal Negligence" as follows: "A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct **when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will**

---

2. *Saunders v. State,* 780 S.W.2d, at 475.

3. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App. 1981) (opinion on rehearing).

4. *Compare with, Hunter v. State,* 647 S.W.2d 657, at 658 (Tex.Cr.App.1983) (wherein, the defendant explicitly testified at trial that he was unaware of the risk that his gun would go off

and shoot the victim); and *Thomas v. State,* 699 S.W.2d 845, at 847 (Tex.Cr.App.1985) (wherein, the defendant testified to support his argument that he was entitled to an instruction on criminally negligent homicide.).

5. *Mendieta v. State,* 706 S.W.2d, at 652–653.

occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." (Our emphasis.)

Recently, in *Mendieta v. State*, 706 S.W.2d 651, 653 (Tex.Cr.App.1986), a majority of this Court ruled that "It is incumbent that the record contain evidence showing an unawareness of the risk before a charge on criminally negligent homicide is required." [6]

The evidence that was presented in the instant case does not show that appellant was unaware of the risk created by his conduct, including squeezing the victim's head with great pressure. Appellant never states anywhere in his confession in any form that he was not aware of the risk that his actions were clearly dangerous to the life of the infant victim. Merely because it might be possible to infer from the evidence that appellant was not aware of the risk (such an inference would seem to require either a prodigious leap of faith or an abandonment of common sense), this does not change the fact that he was aware of his conduct and the risk that it was creating. There is no evidence in the record before us to show that if appellant was guilty, he was guilty only of not being aware of the risk created by his repeated acts of abuse and violence towards the victim. The trial court did not err in refusing to give the jury an instruction on criminally negligent homicide.[7] This Court should overrule appellant's petition for discretionary review, and affirm the judgment of both the trial court and the Court of Appeals. I respectfully dissent to its decision to do otherwise.

McCORMICK, P.J., and CAMPBELL and BENAVIDES, JJ., join this dissent.

---

**6.** *Tompkins v. State*, 774 S.W.2d 195, at 211 (Tex.Cr.App.1987).

**7.** *Mendieta v. State, supra; Tompkins v. State, supra;* and *Fearance v. State,* 771 S.W.2d 486, at 511 (Tex.Cr.App.1988).