Gilbert **CAVAZOS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1098–96.

Court of Criminal Appeals of Texas, En Banc.

Oct. 16, 1996.

Review Refused Oct. 16, 1996.

Bob D. Odom, Belton, for appellant.

James T. Russell, Assistant District Attorney, Belton, Matthew Paul, State's Attorney, Austin, for State.

CLINTON, Judge, dissenting to Refusal of Appellant's Petition for Discretionary Review.

The issue here is whether appellant, charged with and convicted of murder,

---

should have received a jury instruction for the lesser included offense of involuntary manslaughter by reckless conduct. Appellant and his accomplice, Scott James Zywicki, were ejected from a night club after fighting with the deceased, William Chris Wilson. Zywicki testified that he and appellant waited outside the club for Wilson. Once Wilson exited the club, Zywicki and appellant followed him in their car. Zywicki testified that he and appellant planned to use Zywicki's rifle to shoot in the air, hoping that this would scare the deceased into pulling over and stopping. He also said that he never saw appellant aim the rifle at the deceased, and that he only saw it pointed in the air. Based on this evidence, the jury should have been duly instructed on the lesser included offense of involuntary manslaughter. There was evidence that negated an element of the offense of murder. *Saunders v. State*, 840 S.W.2d 390 (Tex.Cr.App.1992). As we have said, "[a]nything more than a scintilla of evidence from any source is sufficient to entitle a defendant to submission of the issue." *Schweinle v. State*, 915 S.W.2d 17 (Tex.Cr. App.1996).

But I do not write merely to express my disagreement with the court of appeals' conclusion. I write because the court of appeals, in my opinion, reached its conclusion due to a misapplication of precedent. While the court cited the correct authority generally, it cited *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Cr. App.1986), for the proposition that the statement of a witness cannot be "plucked out of the record and examined in a vacuum." Based on *Godsey*, the court held that Zywicki's testimony did not present evidence justifying the requested jury instruction.

Yet the court of appeals is really just putting aside evidence it thinks is controverted by better evidence. True, other evidence suggested that appellant is a trained marksman, and that the fatal shot occurred on level ground. The "other evidence" is not what *Godsey* means by "context." In *Godsey*, the true context of the appellant's statement that he did not have the intent to kill was his testimony that he was not there and committed no offense. The evidence thus showed either that he intentionally committed the offense, or he committed no offense at all. His statement that he did not have the intent to kill was gratuitous—of course he had no such intent, as his testimony was that he was not involved in the shooting in any way. Here, Zywicki testified that appellant intended only to scare the deceased, not intentionally shoot him. Unlike *Godsey*, there is no context to explain away Zywicki's statements. They stand on their own.

By legerdemain the court of appeals has turned the common sense injunction in *Godsey*, that evidence is properly viewed in context of all other evidence, into authority to weigh evidence and disregard such evidence it finds weak. Courts of appeals are not at liberty to do this. The jury is the factfinder; and though evidence supporting a jury instruction may not seem convincing to the appellate reader, the jury should be instructed on all offenses supported by even a "scintilla" of evidence. The jury is the essence of our judicial system; it should be trusted.

Because the court of appeals here has wandered into the factfinder's realm, I would grant appellant's petition for discretionary review and remand to the court below with instructions consistent with this opinion.