COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 DEDRICK EUGENE
 RIVERS,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-00-00544-CR
  
 Appeal from the
  
 161st District Court
  
 of Ector County, Texas 
  
 (TC# B-27,290) 
  
 
 


O P I N I O N

 

Dedrick Rivers appeals his conviction
for aggravated robbery.  Finding no
reversible error, we affirm.

Facts

Dedrick Eugene Rivers was charged by
indictment with aggravated robbery.  He
was found guilty after a jury trial and sentenced to serve twenty years in the
penitentiary.  








At trial, the State called Daniel
Regalado, a police officer at Odessa College. 
Regalado testified that the evening of November 15, 1998, he was working
his second job as a security officer at Music City Mall.  He finished working and returned to his
apartment around 12:30 a.m. on November 16. 
The lighting in the parking lot was fair, and Regalado noticed a
vehicle, a gray Buick Regal, enter the lot and park in the first available
space before exiting his car.  While
walking from car to apartment, he noticed five black males approaching
him.  He assumed they were visiting
someone who lived there, and said, Awhat=s going on@ by way of greeting.  He continued walking, and then heard someone
coming up behind him.  He then saw a
black man with a revolver pointed at him. 
This man was only a few feet from him, and Regalado could see the gun
clearly.  He identified it as a
chrome-plated .38 revolver.  Regalado
testified, AHe told me to give him my wallet or
he was going to kill me.@  Regalado, who was
dressed as a security officer rather than police officer at the time, was not
armed.  Regalado gave the man his
wallet.  He was in fear for his
life.  The thief then ran back toward the
car Regalado had noticed earlier.








The remaining four men watched
Regalado a few seconds before they took off. 
When they left, he went into his apartment and immediately called the
police.  The police responded, he
described what had happened.  Regalado
described the thief as wearing dark baggie jeans, and a white shirt with thin
dark stripes.  He was a large person with
Areal chubby cheeks.@ 
Thirty to forty minutes later, the police took him to the south side of
Odessa.  There, they had detained a car
which answered the description he had given them.  He recognized the car as the one he had seen
earlier.  A police officer asked him if
either of two men in the car was the perpetrator of the robbery.  The police had the two men exit the car, and
Regalado was about 10 to 15 feet away from them.  He identified one of the men as the one who
had robbed him of his wallet at gunpoint. 
Regalado identified defendant in court as the man who had robbed him,
and as the same person he had identified at the show-up.

James Wesley Carta, a patrol officer
with the Odessa Police Department, testified that he was on patrol in the early
morning hours of November 16, 1998.  He
received a broadcast about the robbery, and pulled over a vehicle which matched
the description given.  A passenger got
out, asked what the problem was, and then fled on foot.  Carta ran after him, and while he was gone,
the car drove off, jumping a curb in the process.  (This was recorded on the patrol car=s video camera.)  Carta testified he was not completely
certain, but he believed that defendant Rivers was the car=s driver.

The State called Joe Sanford, another
Odessa police officer on duty that night. 
He heard the broadcast regarding Carta, and set out to look for the
suspected robber.   He saw a car at an
intersection which matched the description, and which rolled through a stop
sign.  He stopped the car, ordered its
two occupants out, and arrested both. 
Sanford identified defendant Rivers as the driver of the car.  Regalado came to the scene shortly
afterward.  Sanford found some of
Regalado=s identification cards and business
cards on the front seat of the Buick.








During Sanford=s testimony, there was some
discussion about Rivers=s passenger being a juvenile. 
On cross-examination, defense counsel established that juveniles are not
barred from testifying.  On redirect, the
prosecutor established that the defense had as much right to call a juvenile
witness as the State.

The defense called a single witness,
Rivers=s aunt Sandra Shaw.  She testified that Rivers does not own or
wear dark clothes, preferring mostly red or white.

Failure
to instruct on lesser-included offense of robbery

In his first issue on appeal, Rivers
claims that he was entitled to an instruction on the lesser-included offense of
robbery, and the trial court therefore erred in failing to include that
instruction in the court=s charge.  He suggests
that because no weapon used in committing the robbery was ever found, that this
constitutes some evidence that the robbery occurred without use of a deadly
weapon.  We disagree.

In determining whether Rivers was
entitled to a charge on the lesser-included offense, we apply a traditional
two-prong test.  Bignall v. State,
887 S.W.2d 21, 23 (Tex. Crim. App. 1994); Rodriguez v. State, No.
08-97-00268-CR, 2001 WL 1136310, at *17 (Tex. App.--El Paso September 27, 2001,
pet. ref=d). 
First, the lesser-included offense must be included within the proof
necessary to establish the offense charged. 
Bignall, 887 S.W.2d at 23; Rodriguez, 2001 WL 1136310, at
*17.  Second, some evidence must exist in
the record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser offense.  Rodriguez, 2001 WL 1136310, at
*17.  Regardless of its strength or
weakness, if any evidence raises the issue that the defendant was guilty only
of the lesser offense, then the charge must be given.  Saunders v. State, 840 S.W.2d 390, 391
(Tex. Crim. App. 1992).








Here, Rivers cites no evidence
raising a question as to whether he committed only simple robbery.  The only evidence as to the circumstances of
the robbery come from the testimony of Regalado, who was unequivocal that he
was robbed at gunpoint.  That the gun was
never found does nothing to raise an issue on any lesser-included offense.  There is no evidence that would allow a
rational jury to find that Rivers was guilty only of robbery.  Issue One is overruled.

Denial
of motion for directed verdict

Similarly, in his second issue on
appeal, Rivers contends that the evidence was factually insufficient to prove
the elements of aggravated robbery because the firearm was never found.  Although Rivers=s formulation of this issue speaks in
terms of denying his motion for directed verdict, his argument requests a
factual sufficiency review and asks us to apply the standard for factual
sufficiency set out in Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996).  We therefore construe this issue
as raising factual sufficiency, and we will review it under that standard.








In reviewing factual sufficiency of
the evidence, we consider all the evidence but not in the light most favorable
to the verdict.  Rodriguez, 2001
WL 1136310, at *5.  We will set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Id.  We must balance all the evidence, both that
which tends to prove the existence of a vital fact and that which tends to
disprove its existence, in determining whether any rational trier of fact could
find the essential elements of the charge beyond a reasonable doubt.  Id.

As discussed in regard to the prior
issue on appeal, here there is no evidence tending to disprove use of a deadly
weapon.  Rivers points us to two facts in
arguing the evidence was factually insufficient:  that the weapon was never found, and that the
evidence concerning use of a firearm came from the robbery victim.  We do not find this evidence (if it can be so
characterized), nor any reasonable inference from it, to render the evidence so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Issue Two is overruled.

Denial
of motion to suppress identification based on show-up

In his third issue on appeal, Rivers
urges that the trial court erred in refusing to suppress his identification by
the victim Regalado based upon an impermissibly suggestive Ashow-up@ shortly after the robbery.








It is true that on-the-scene
confrontations possess a degree of suggestiveness, and under certain
circumstances may amount to a denial of due process.  See Garza v. State, 633 S.W.2d 508,
512 (Tex. Crim. App. 1981). 
Nevertheless, the admission of evidence of a one person show-up, without
more, does not violate due process.  Id.  Where a witness has made an in-court
identification, appellant must show that it was tainted by improper pretrial
procedure and confrontation.  In re
G.A.T., 16 S.W.3d 818, 827 (Tex. App.--Houston [14th Dist.] 2000, pet. denied).  In determining the admissibility of an
in-court identification, we employ a two-step inquiry:  (1) whether the out-of-court identification
procedure was impermissibly suggestive; and (2) whether that suggestive
procedure gave rise to a very substantial likelihood of irreparable
misidentification.  Id.  We examine the totality of the circumstances
in any case to determine if due process has been violated.  Id. 
These circumstances include:  (1)
the witness=s opportunity to view; (2) the
witness=s degree of attention; (3) the
accuracy of the description; (4) the witness=s level of certainty; and (5) the
time between the crime and the confrontation. 
Garza, 633 S.W.2d at 513.

Based on the evidence outlined above,
we cannot say that the procedure used here was impermissibly suggestive.  Regalado was able to clearly view Rivers,
both during the robbery and at the show-up. 
He testified that, as a police officer, he was trained to observe his
surroundings.  His description of Rivers
before the show-up was reasonably detailed, as was his description of the
vehicle.  There was no uncertainty in
Regalado=s identification.  The time that elapsed between crime and
confrontation was only thirty to forty minutes. 
Moreover, the police did not attempt to suggest which person he should
identify, and there were two people at the show-up, not just Rivers alone.  All of these factors support the trial court=s conclusion that Regalado=s identification of Rivers was not
unduly suggestive.  No error is
shown.  We overrule appellant=s third issue.








State=s comment on whether defense could
call a witness

Finally, in his fourth issue on
appeal, Rivers argues that the trial court erred in overruling his objection to
the State=s comment that the defense was as
capable of calling a juvenile witness as the State.

This issue arises from the
examination of Officer Joe Sanford.  The
prosecutor asked the officer if the man arrested with Rivers turned out to be a
juvenile.  Sanford answered
affirmatively.  The prosecutor then asked
if juvenile cases were processed through the district attorney=s office, and the officer responded
they were not.  Defense counsel then
asked if juveniles were barred from testifying. 
The officer responded they were not. 
The prosecutor then asked if the defense could call a juvenile to
testify just as the State can, and Sanford responded that they can.  This last exchange was subject to timely
objection.

Even were we to assume that the
prosecutor=s question somehow implicated Rivers=s constitutional rights, as he
suggests, we conclude that any comment was invited by defense counsel=s question about whether juveniles
could testify.  The trial court did not
abuse its discretion in overruling this objection, as defendant cannot avail
himself of any error he initiated.  See
Nunez v. State, 27 S.W.3d 210, 216-17 (Tex. App.--El Paso 2000, no
pet.); Hirad v. State, 14 S.W.3d 351, 352 (Tex. App.--Houston [14th
Dist.] 2000, pet. ref=d).  The final issue is
overruled.








Conclusion

Having found no error in the trial of
this case, we affirm the trial court=s judgment.

 

                                                   
                     

SUSAN
LARSEN, Justice

October 3, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)