

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00337-CR

**DONNIE LEROY KACHEL,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                       **Appellee**

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2011-198-C1

---

## MEMORANDUM OPINION

---

A jury convicted Donnie Leroy Kachel of the offense of indecency with a child by exposure and assessed his punishment at sixty years confinement after finding the enhancement paragraphs to be true. On October 24, 2013, this Court issued an opinion affirming Kachel's conviction. Kachel filed a petition for discretionary review with the Court of Criminal Appeals. The Court of Criminal Appeals reversed the judgment of this Court and remanded the cause. We reverse and remand.

## Background Facts

Katerina Jones testified that, on October 22, 2010, she arrived home from shopping with her then nine-year-old daughter at or a little before 8:00 p.m. When she got to the front porch her daughter said, "Mommy, there is a man, he's naked." Jones turned around and saw a naked man, whom she later identified as Kachel, standing in the street. She panicked, went inside, and locked the door. Jones called 9-1-1 and peeked out the blinds. She stated that Kachel would walk around where his pickup truck was parked across the street from their home and that he would also walk in the street. Jones stated that Kachel clearly wanted her to see him and that he was touching his penis. Jones's husband's cousin eventually arrived at Jones's house and pulled into Jones's driveway. Kachel then left, and the police arrived shortly thereafter. Jones's daughter gave substantially similar testimony.

Waco Police Officer Daniel Kent testified that he soon located Kachel in the parking lot of the Flying J truck stop. Kachel was in the driver's seat of his truck trying to put on his clothes. When Officer Kent approached, Kachel had on a pair of shorts and socks. Officer Kent testified that he found women's underwear and a pornographic magazine in Kachel's truck. Officer Kent and Officer D.J. Adams both testified that Kachel's explanation for the incident was that he was changing clothes.

Don Marshall, an investigator with the McLennan County District Attorney's office, testified that he interviewed Kachel and that the interview was videotaped. A portion of the videotaped interview was admitted into evidence. In the interview, Kachel stated that he had stopped on the side of the road to change clothes. He saw the woman,

but he did not see anyone else with her. When he saw the woman, he jumped into his truck and went to the Flying J. Kachel stated that he was never exposed and that he had his underwear on at all times.

## Lesser-Included-Offense Instruction

In his first issue, Kachel contends that the trial court erred by refusing to include a requested jury-charge instruction on the lesser-included offense of indecent exposure. We use a two-step analysis to determine whether an appellant was entitled to a lesser-included-offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). First, the lesser offense must be a lesser-included offense of the charged offense as defined by article 37.09 of the Code of Criminal Procedure. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). Second, there must be some evidence in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty *only of the lesser offense*. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau v. State*, 955 S.W.2d at 672-73.

A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). In his statements, Kachel indicated that he only saw a woman; however, Kachel denied that he ever exposed himself. In our October 24 opinion, this Court found that Kachel's statement that no offense occurred at all was not adequate to raise the issue of a lesser-

included offense.

In its opinion, the Court of Criminal Appeals stated, "a defendant can point to his or her own statements as evidence that he or she is guilty of only the lesser-included offense, even if the defendant also denied committing any offense." *Kachel v. State*, No. PD-1649-13, slip op. at 7 (Tex. Crim. App. March 18, 2015). The Court of Criminal Appeals stated that "although Kachel's statements are inconsistent and contradictory, he did make several general denials of any culpability" and that "Kachel consistently denied that he ever saw a child." *Id* at 8. The Court of Criminal Appeals found that:

> And because the jury is 'permitted to believe or disbelieve any part' of Kachel's statements, a reasonable jury -- in light of all the evidence in the record – could have:
> (1) disbelieved Kachel's general denials of being on Richter Avenue;
> (2) believed his admission to changing his clothes in the street on Richter Avenue;
> (3) believed his admission to seeing an adult woman while he was changing;
> (4) believed his denial of seeing any child while he was changing;
> (5) disbelieved his denial that his genitals were covered by his thong underwear and blocked from the woman's view by his truck; and
> (6) disbelieved his denial that he made any sexual gestures.

*Id*. at 8-9. The Court of Criminal Appeals concluded that a reasonable juror could have found Kachel guilty of only indecent exposure, and the trial court erred in denying his request. The Court of Criminal Appeals remanded the cause to this Court for a determination of harm.

The erroneous refusal to give a requested instruction on a lesser-included offense is charge error subject to an *Almanza* harm analysis. *Saunders v. State*, 840 S.W.2d 390, 392 (Tex.Crim.App.1992). (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985)).

Under *Almanza*, we will reverse if the error in the court's charge resulted in some harm to the accused. *See Almanza* v. State, 686 S.W.2d at 171. The harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer. *Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005); *Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App.1995). Ordinarily, if the absence of the lesser-included offense instruction left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, some harm exists. *Saunders v. State*, 913 S.W.2d at 571. Because the jury could have believed that Kachel committed the lesser-included offense of indecent exposure, but was only given the option to convict him of the greater offense of indecency with a child by exposure, the denial of the requested instruction caused Kachel some harm. Kachel's first issue on appeal is sustained.

## Conclusion

We reverse the trial court's judgment, and remand the case for a new trial.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reverse and remand
Opinion delivered and filed May 28, 2015
Do not publish
[CRPM]

