**FILED**

IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**6/11/15**

**CECILE FOY GSANGER, CLERK**

**BY DTello**

ACCEPTED
13-14-00338-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/11/2015 4:18:05 PM
CECILE FOY GSANGER
CLERK

**CAUSE NUMBER
13-14-00338-CR**

**IN THE COURT OF APPEALS FOR
THE THIRTEENTH APPELLATE DISTRICT
AT CORPUS CHRISTI**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/11/2015 4:18:05 PM
CECILE FOY GSANGER
Clerk

**JOHNNY FLORES,
APPELLANT**

**V.**

**THE STATE OF TEXAS,
APPELLEE**

**APPELLANT'S BRIEF**

**ON APPEAL FROM THE 148TH DISTRICT COURT, NUECES COUNTY**

**Nathan Burkett**
**State Bar No. 24058264**
**P.O. Box 3189**
**Corpus Christi, Texas 78463**
**(361) 883-8868**
**(361) 883-0733 (fax)**
**Attorney for Appellant**

**ORAL ARGUMENT IS NOT REQUESTED**

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................iii

TABLE OF AUTHORITIES.............................................................................iv

STATEMENT OF THE CASE...........................................................................1

STATEMENT OF GROUNDS OF ERROR.............................................................1

STATEMENT OF FACTS...............................................................................2

BRIEF OF THE ARGUMENT..........................................................................3

PRAYER.................................................................................................6

CERTIFICATE OF SERVICE..........................................................................7

CERTIFICATE OF COMPLIANCE.....................................................................7

## IDENTITY OF PARTIES AND COUNSEL

Appellant's Trial Attorneys

    CECIL STARCHER
    State Bar No. 19060280
    102 N. Staples Street
    Corpus Christi, Texas 78401
    Phone: (361) 882-0800

    DAVID KLEIN
    State Bar No. 24007497
    P.O. Box 2446
    Corpus Christi, Texas 78403
    Phone: (361) 815-0053

Appellant's Appellate Attorney

    Nathan Burkett
    State Bar No. 24058264
    P.O. Box 3189
    Corpus Christi, Texas 78463
    (361) 883-8868
    (361) 883-0733 (fax)

Appellee's Attorney

    Mark Skurka
    Nueces County District Attorney
    901 Leopard Street, Room 206
    Corpus Christi, Texas 78401
    (361) 888-0410

## INDEX OF AUTHORITIES

State Cases

*Ojeda v. State*, 712 S.W.2d 742 (Tex. Crim. App. 1986)

*Bell v. State*, 693 S.W.2d 434 (Tex. Crim. App.1985)

*Moore v. State*, 574 S.W.2d 122 (Tex. Crim. App. 1978)

*Cavazos v. State*, 382 S.W.3d 377 (Tex. Crim. App. 2012)

*Saunders v. State*, 840 S.W.2d 390 (Tex. Crim. App. 1992)

**CAUSE NO. 13-14-00338-CR**

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**AT CORPUS CHRISTI**

---

**JOHNNY FLORES,**
        **Appellant**

**V.**

**THE STATE OF TEXAS,**
        **Appellee**

---

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW JOHNNY FLORES, Appellant in this cause, and files this Appellant's Brief, and in support thereof would show as follows:

**I. STATEMENT OF THE CASE**

Appellant was indicted with one count of murder alleged to have occurred on July 4, 2013. RR Vol. 3, p. 15. After the close of evidence, Appellant requested a manslaughter instruction, a lesser included offense. RR Vol. 4, pp. 120-121. After a lengthy argument, the trial court denied Appellant's instruction for the manslaughter instruction. RR Vol. 4, p. 131. The jury found Appellant guilty of murder. RR Vol. 4, p. 170. The jury did not find sudden passion, and assessed Appellant's punishment at life in prison and a $10,000.00 fine. RR Vol. 5, p. 169. This timely appeal ensued.

1

## II.  STATEMENT OF GROUNDS OF ERROR

1.  **THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF MANSLAUGHTER BECAUSE THE INTENT EVIDENCE ADDUCED AT TRIAL WAS SUBJECT TO MULTIPLE INTERPRETATIONS.**

## III.  FACTS

The State alleged that Appellant caused the death of Terry Mechell, his girlfriend, by asphyxia.  Appellant's custodial interrogation video with Corpus Christi Police Detective Ralph Lee was admitted into evidence and published to the jury.  RR Vol. 6, SX-4. The initial conflict arose because Appellant believed he had contracted a sexually transmitted disease from Mechell, a prostitute.  *Id*.  Appellant admitted to striking and, at some point, choking Terry Mechell.  *Id*. At approximately seven minutes into the video interview, Appellant states, "I had no idea it was over until it was over.  I snapped and I checked her pulse and she has a light pulse."  *Id*.  He then contemplated suicide with a knife, but ultimately decided to call 911.  *Id*.  Appellant stated that he had been diagnosed with schizoaffective disorder, was not currently on medication and had received services through MHMR on and off for about four years.  *Id*.

Dr. Ray Fernandez, the Nueces County Medical Examiner, testified for the state.  RR Vol. 3, p. 177 et seq.  Dr. Fernandez testified that in performing an autopsy, Mechell's eyelids and the white areas of her eyes showed petechial hemorrhages, or pinpoint size bleeds.  RR Vol. 3, pp. 192-193.  Dr. Fernandez testified that petechial hemorrhages typically occur in an "on and off" type pressure as opposed to continuous pressure applied to the mouth, nose or throat.  RR Vol. 3, p. 93-94.  Dr. Fernandez testified that even being in a "scuffle" could cause the petechial hemorrhages.  RR Vol. 3, p. 213.  Although Dr. Fernandez noted that Mechell suffered a broken

2

nose, Dr. Fernandez did not note whether or not the broken nose caused a total obstruction of the airway. RR Vol 3, p. 214. Dr. Fernandez conceded that the broken nose could have been caused by blunt trauma, such as a punch. *Id*. There was no damage to Mechell's windpipe or scratches or bruising to the neck, any of which would have been consistent with strangulation. RR. Vol. 3, pp. 216-217, 219.

During the defense case in chief, testimony was taken of Troy Martinez, Psy. D., who examined and evaluated Appellant's mental condition and history. RR Vol. 4, p. 50 et seq. Dr. Martinez also examined Appellant's prior mental health records. RR Vol. 4, p. 62. Dr. Martinez testified that Appellant had been diagnosed and treated for a "major mental illness," although the specific diagnosis at different times included both bipolar I disorder and schizoaffective disorder. RR Vol. 4, pp. 66-67. Since Appellant had been off of his medications for several months before July 4, 2013, Dr. Martinez testified that there would have likely been a deterioration of Appellant's mental condition from the time that he was earlier medicated. RR Vol 4., pp. 70-71. Dr. Martinez further testified that when a person with a major mental illness, like Appellant, suffers a deterioration from lack of medication, that person's judgment, impulse control and stability would be negatively affected. RR Vol 4., p. 82. Dr. Martinez opined that a person with a major mental illness and a lack of medicine, such as Appellant, could act recklessly. *Id*.

## IV. SUMMARY OF THE ARGUMENT

Appellant requested and was denied a jury charge instruction on the lesser included offense of manslaughter. Because manslaughter is a lesser included offense of murder, as alleged in this case, and because the evidence adduced at trial regarding intent was subject to multiple interpretations, the trial court erred in denying Appellant's requested instruction.

3

## V. BRIEF OF THE ARGUMENT

It is well established that if *any* evidence raises the issue of a lesser included offense, a charge on that offense *must* be included in the trial court's charge. *Ojeda v. State*, 712 S.W.2d 742 (Tex. Crim. App. 1986), citing *Bell v. State*, 693 S.W.2d 434 (Tex. Crim. App.1985), and *Moore v. State*, 574 S.W.2d 122 (Tex. Crim. App. 1978). The *Aguilar/Rousseau* test determines an instruction on a lesser-included offense should be given to the jury, with the court deciding 1) if the proof necessary to establish the charged offense also includes the lesser offense; and 2) whether the evidence shows that if the Appellant is guilty, he is guilty only of the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). In *Cavazos*, the Court of Criminal Appeals held that manslaughter is a lesser included offense of murder where the State alleges that the defendant intends to cause serious bodily injury by committing an act clearly dangerous to human life. *Id* at 384. In this case, the State of Texas alleged that Appellant "with the intent to cause serious bodily injury to an individual, namely, Terry Mechell Ramos, commit an act clearly dangerous to human life that caused the death of said Terry Mechell Ramos by asphyxia." RR Vol. 3, p. 15. Like in *Cavazos*, manslaughter is a lesser included offense of murder, as alleged by the State of Texas in this case, and Appellant has met the first prong of the *Aguilar/Rousseau* test. The trial court even acknowledged as much. RR Vol. 4, pp. 127-128.

There are two ways by which Appellant can satisfy the second prong of the test: 1) there may be evidence that tends to refute or negate other evidence establishing the greater offense; and 2) if the evidence presented is subject to different interpretations. *Saunders v. State*, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). The latter of the two is applicable in this case. In this case, intent to cause serious bodily injury was only shown by circumstantial evidence.

4

Similarly, in *Saunders*, the defendant, charged with murder with intent to kill a baby by squeezing the back of his head, requested and was refused an instruction on the lesser included offense of criminally negligent homicide. *Id*. at 391. The only trial evidence on intent was a witness who saw, fifteen days prior to the child's death, the defendant squeezing the back of the baby's head, and several other injuries consistent with hitting, shaking, blows or a fall. *Id*. The Court of Criminal Appeals concluded that the same circumstantial evidence of intent to kill could also be interpreted to show criminal negligence, noting "a jury could also conclude based on the same evidence that appellant may not have known his actions could kill the baby, even though he ought to have been aware of this risk." *Id*. at 392.

In this case the facts are remarkably similar to *Saunders*, in that there is no direct evidence of intent. The facts of this case simply show that Appellant squeezed Mechell's neck. RR Vol. 6, SX-4. Detective Lee did not ask and Appellant did not volunteer that he intended to kill or injure Mechell, his knowledge that her death could result, or his awareness that a risk of death existed. *Id*.; *See also Saunders*, 840 S.W.2d at 392. Like any other witness, the jury, as the exclusive judges of credibility, could have considered all, some or none of the testimony of Dr. Martinez, Dr. Fernandez and Appellant's own statements in the interview. Dr. Fernandez failed to determine whether or not the nasal fracture fully obstructed Mechell's airway; thus, he failed to rule out that a single punch to the nose could have possibly caused the asphyxiation that formed the basis of his opinion. RR Vol 3, p. 214. The jury could have concluded, as Dr. Fernandez states was possible, that the petechial hemorrhages noted were caused by the fight, and not strangulation, or that they were caused by a reckless "on and off" pressure as opposed to a continuous one. RR Vol 3, p. 93-94, 213 Furthermore, the jury could have considered that

5

Appellant, as a person with a major mental illness according to Dr. Martinez' testimony, could have acted recklessly as opposed to intentionally in the manner of his actions.   RR Vol 4., p. 82. Even the trial prosecutor conceded that the difference between specific intent, recklessness and criminal negligence was at issue in the case, arguing to the trial court that Dr. Martinez "cannot specifically say whether that individual was negligent or reckless, a jury gets to decide that. That's an ultimate jury question."  RR Vol. 4, pp. 80-81.

The evidence elicited at trial and described above shows that the intent element of the case in question was subject to multiple interpretations.  Thus, Appellant was entitled to a jury instruction on the lesser included offense of manslaughter, and the trial court erred in denying Appellant's request for a jury instruction on the lesser included offense of manslaughter.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant Johnny Flores prays that this court sustain Appellant's ground of error, reverse the judgment of the trial court, and remand this cause to the trial court for a new trial.

Respectfully submitted,

The Law Offices of Nathan Burkett
P.O. Box 3189
CORPUS CHRISTI, TX 78463
Tel: (361) 883- 8868
Fax: (361) 883- 0733


By: s/ Nathan Burkett
    Nathan Burkett
    State Bar No. 24058264
    burkett.nathan@gmail.com
    Attorney for Johnny Flores

## CERTIFICATE OF SERVICE

This is to certify that on June 11, 2015, a true and correct copy of the above and foregoing brief was served on the Nueces County District Attorney's Office at 901 Leopard St., Room 206, Corpus Christi, Texas, by hand delivery.


/s Nathan Burkett
Nathan Burkett


## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1,489.


/s Nathan Burkett
Nathan Burkett