Rogers v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-212-CR

DARRICK CAPAL ROGERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)
------------

Appellant Darrick Capal Rogers appeals from his conviction for aggravated assault causing bodily injury.  We affirm.

On August 29, 2003, appellant assaulted his girlfriend Brandy Bell in the parking lot of the apartment complex where they lived.  
During the altercation, Bell went to a neighbor’s apartment for help.  The neighbors, Palia and Bobby Harrison, heard appellant fighting with Bell and saw appellant choke her and swing a metal bar at her.  They also saw that Bell 
had a gaping wound on the back of her leg.

An unidentified man called 911 and told the operator that “[t]his guy is beating up this woman out here.”  The caller then passed the phone to Palia, who asked for an ambulance, reported Bell’s injury to a MedStar employee, and received instructions on how to care for Bell’s wound.  
When the police arrived, they found appellant hiding in some tall grass in the woods close to the apartment complex
, lying on top of a metal bar.

Appellant was charged with aggravated assault causing bodily injury.  A jury found him guilty of the charged offense and assessed punishment at forty-five years’ confinement.

In his first issue, appellant contends that the trial court erred by denying his motions for mistrial based on the introduction of extraneous offense evidence that was subject to a motion in limine.  We review the trial court’s denial of appellant’s motions for mistrial under an abuse of discretion standard.  
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); 
Jackson v. State
, 50 S.W.3d 579, 588 (Tex. App.—Fort Worth 2001, pet. ref’d).

Appellant’s first motion for mistrial was based on Bell testifying that “[t]his isn’t the first time this has happened.”  Prior to overruling the motion, the trial court had sustained appellant’s objection to the testimony and instructed the jury to disregard Bell’s statement. 

The trial court did not err in overruling appellant’s first motion for mistrial  because the extraneous offense testimony was rendered harmless by the trial court’s instruction to disregard.
 
 The testimony was not so "clearly calculated to inflame the minds of the jury or [was] of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." 
 Kipp v. State
, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994) (citing 
Kemp v. State
, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 918 (1993)).

The second motion for mistrial was based on Bell testifying that “[the investigator] was talking about this not being the first time.  He was asking me was this the first time that Darrick ever hit me.”  Appellant’s attorney objected after the prosecutor interjected, “Don’t go into anything else, . . . be specific about anything else, okay?”  Appellant’s attorney did not receive a ruling on his objection or ask for an instruction to disregard.  Instead, he voiced his belief that he would be entitled to a mistrial if he were not allowed to introduce evidence of Bell’s extraneous offenses.  Appellant’s attorney said, “If I am not allowed to go into her extraneous offenses, . . . I believe I’m entitled to mistrial,” to which the trial court replied, “I’ll deny the motion.”
(footnote: 2) 

The trial court did not err in overruling appellant’s second motion for mistrial because Bell’s testimony, “[The investigator] was talking about this not being the first time.  He was asking me was this the first time that Darrick ever hit me,” was not extraneous evidence testimony.  To constitute extraneous offense evidence, the evidence must show a bad act or crime and that the defendant was connected to it.  
Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993), 
cert. denied
, 510 U.S. 966 (1993); 
Lockhart v. State
, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 849 (1993).  Bell’s testimony indicated that the investigator was interested in learning whether appellant and Bell had a prior history of domestic abuse, but it did not reveal that history.  Because Bell’s testimony did not show that an offense or bad act was committed by appellant, it was not evidence of an extraneous offense. 
 See
 
Arthur v. State
, 11 S.W.3d 386, 390 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).  Accordingly, we overrule appellant’s first issue.

In his second issue, appellant contends that the trial court erred by failing to instruct the jury on self-defense.

To be entitled to a self-defense instruction, a defendant must admit to the conduct alleged in the indictment.  
Hill v. State
, 99 S.W.3d 248, 250-51 (Tex. App.—Fort Worth 2003, pet. ref’d).  Here, appellant did not admit to striking or choking Bell with a metal bar or rod.  Appellant’s defense was that Bell cut her leg on a license plate and that no witness saw him actually hit Bell with the metal rod.  Therefore, appellant was not entitled to a self-defense instruction. 
 See id.
  Accordingly, we overrule appellant’s second issue.

In his third issue, appellant contends that the trial court erred by failing to instruct the jury on the lesser included offenses of assault by threat and assault by contact.  To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “an offense is a lesser included offense if . . . it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann.
 art. 37.09(1).

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.
  Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
See
 
Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

Assuming without deciding that assault by threat or contact are lesser included offenses of aggravated assault, we conclude there is no evidence that would permit a rational jury to find that appellant was guilty only of assault by threat or assault by contact, and not of aggravated assault.  
See Feldman, 
71 S.W.3d at 750; 
Moore
, 969 S.W.2d at 8.  On this record, the jury could not have found appellant guilty of assault by threat, and not aggravated assault, because there was no evidence that appellant merely threatened Bell.  Rather, two witnesses testified that they saw appellant choking Bell, and Bell testified that appellant choked and struck her with a metal rod.  Similarly, the jury could not have found appellant guilty of assault by contact, and not aggravated assault, because there was no evidence that appellant merely contacted Bell without causing her physical injury.  The undisputed evidence shows that Bell suffered a serious leg injury.  Moreover, a police officer testified that Bell had redness around her neck and that she told him she had a pain on the top of her head and in her left forearm.  Because there is no evidence that would permit a rational jury to find that appellant was guilty only of assault by threat or assault by contact, and not of aggravated assault, we overrule appellant’s third issue.

In his fourth, fifth, and sixth issues, appellant contends that the trial court violated his Confrontation Clause rights under the United States and Texas Constitutions and the Texas Code of Criminal Procedure by admitting the 911  call audiotape into evidence.

In all state and federal criminal prosecutions, the accused has a right, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, "to be confronted with the witnesses against him."
(footnote: 3) 
 U.S. Const. 
amend. VI; 
Crawford v. Washington
,  541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004); 
Pointer v. Texas
, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965) (applying the Sixth Amendment to the States).  In 
Crawford v. Washington
, the Supreme Court held that the Confrontation Clause bars the admission of out-of-court testimonial statements made by a witness who does not testify, unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness.  
Crawford
,
 541 U.S. at 68, 124 S. Ct. at 1374.  Therefore, to implicate the Confrontation Clause, an out-of-court statement must be (1) made by an absent witness and (2) testimonial in nature.  
See id. 
at
 
68, 124 S. Ct. at 1374.

In this case, the 911 call audiotape contains the voices of both Palia Harrison and an unidentified male.  Palia’s statements on the tape do not implicate the Confrontation Clause because Palia testified at trial.  
See
 
id. 
at 58 n.9, 124 S. Ct. at 1369 n.9.  The unidentified male caller’s statement, 
“This guy is beating up this woman out here,” 
does not implicate the Confrontation Clause because the statement is not testimonial in nature.  
See Crawford, 
541 U.S. at 51-52, 65, 68, 124 S. Ct. at 1364, 1372, 1374.  
Therefore, 
we hold that the admission of the 911 call audiotape did not violate appellant’s Confrontation Clause rights.  Accordingly, we overrule appellant’s fourth, fifth, and sixth issues.

In his seventh issue, appellant contends that the evidence supporting his conviction is factually insufficient.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all of the evidence in a neutral light, favoring neither party.  
See
 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id.
 at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finders.  
Zuniga
, 144 S.W.3d at 482.

Appellant was charged with “intentionally or knowingly caus[ing] bodily injury to Brandy Bell by striking her with a metal bar or rod, choking her with a metal bar or rod.”  Bell testified that appellant hit and choked her with the metal bar.  She testified that she could not breathe and that she screamed when appellant was choking her. Bell told a police officer who responded to the 911 call that appellant had hit her multiple times and choked her with the metal bar.  She did not tell the emergency room personnel who treated her that appellant choked her or hit her on the head. 

Two witnesses testified that they saw appellant swinging a metal bar over Bell and choking her with either the bar or his hand, though they did not actually see him strike her.  A police officer testified that Bell’s neck was red. Several witnesses testified, and photographic evidence showed, that Bell sustained a deep laceration on the back of her leg during the altercation. Although one witness thought Bell had cut her leg on a license plate, the police did not find a license plate on the ground or receive information indicating that a license plate was responsible for Bell’s injuries.

The police found appellant lying on top of a metal bar when they apprehended him.  A police officer testified that the end of the metal bar had a jagged edge, that the “jagged edge with swinging motion would definitely cut her,” that some force would be needed to create a cut the depth of Bell’s cut, and that the metal bar could be used as a deadly weapon. 

Considering the evidence in a neutral light, we conclude that the jury was rationally justified in finding appellant guilty of aggravated assault beyond a reasonable doubt.  Therefore, we overrule appellant’s seventh issue.

Having overruled all of appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 July 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4. 

2:
Appellant preserved error by moving for mistrial and obtaining a ruling on that motion, despite his failure to obtain a ruling on his objection or ask for an instruction to disregard.  
See
 
Young v. State
, 137 S.W.3d 65, 72 (Tex. Crim. App. 2004).

3:
We assume that appellant claims no greater protection under the state constitution or code of criminal procedure than that provided by the federal constitution because he briefed his fourth, fifth, and sixth issues jointly.  
See Hale v. State
,  139 S.W.3d 418, 421 (Tex. App.—Fort Worth 2004, no pet.).