COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-282-CR
 
 
JERMAINE 
WOODS                                                              
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
        FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM OPINION[1]
 
                                              
------------

A jury 
convicted Appellant Jermaine Woods of aggravated assault with a deadly weapon 
and aggravated assault by recklessly causing serious bodily injury and assessed 
his punishment at fifteen years= 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice for each count, with the sentences running concurrently.  The trial court sentenced him 
accordingly.  Appellant brings a 
single point on appeal, contending that the trial court erred in refusing to 
instruct the jury on the lesser included offense of deadly conduct.  Because we hold that the trial court did 
not err, we affirm the trial court=s 
judgment.
Appellant 
and Rockale Gowan have a daughter together.  Rockale has a younger brother named 
Willis.  Willis and Appellant do not 
get along.  On a prior occasion, 
Willis was armed and threatened to kill Appellant.
On 
June 16, 2002, Appellant went to Rockale=s 
apartment to pick up his daughter.  
Willis asked Appellant what he wanted.  Appellant called for Rockale and stated 
that he was @going 
to bust a cap in her ass.A  Willis replied that if Appellant wanted 
to shoot his sister, he should shoot Willis instead.
According 
to the State, Appellant raised his gun and shot Willis in the back of the 
neck.  Willis was unarmed and had 
his hands in the air.  However, 
Appellant contends that he only grabbed the gun after watching Willis reach into 
his pants.  Appellant also contends 
that even though he intentionally fired the gun, he had his eyes closed and did 
not aim at Willis.
At the 
conclusion of the testimony, Appellant requested a charge on the lesser included 
offense of deadly conduct.  The 
trial court refused the charge.  
Appellant pled not guilty, and the jury returned a verdict of 
guilty.


To 
determine whether a jury must be charged on a lesser included offense, we apply 
a two-step analysis.[2]  The first step is to decide whether the 
offense is a Alesser 
included offense@ as 
defined in article 37.09 of the code of criminal procedure.[3]  The second step requires an evaluation 
of the evidence to determine whether there is some evidence that would permit a 
rational jury to find that the defendant is guilty only of the lesser offense, 
and not of the greater.[4]  The evidence must be evaluated in the 
context of the entire record.[5]  There must be some evidence from which a 
rational jury could acquit the defendant of the greater offense while convicting 
him of the lesser included offense.[6]  The court may not consider whether the 
evidence is credible, controverted, or in conflict with other evidence.[7]  If there is evidence from any source 
that negates or refutes the element establishing the greater offense, or if the 
evidence is so weak that it is subject to more than one reasonable inference 
regarding the aggravating element, the jury should be charged on the lesser 
included offense.[8]
It is 
undisputed that deadly conduct may be a lesser included offense of aggravated 
assault.[9]  We must therefore determine whether 
there is some evidence that would permit a rational jury to find Appellant 
guilty only of deadly conduct and not guilty of aggravated assault.[10]  A person commits the offense of deadly 
conduct if (1) he recklessly  
engages in conduct that places another in imminent danger of serious 
bodily injury; or (2) he knowingly discharges a firearm at or in the direction 
of one or more individuals, or a habitation, building, or vehicle and is 
reckless as to whether the habitation, building, or vehicle is occupied.[11]

Appellant=s 
argument fails for two reasons.  
First, as the State points out, citing Walker v. State, deadly 
conduct covers highly dangerous and intentional acts that fall short of harming 
another.[12]  As our sister court in Houston  explained in 
Walker,
Appellant argues that a 
submission on deadly conduct was warranted because there was evidence that [he] 
was Amerely discharging the 
weapon in a threatening manner without the intent to kill.@  We disagree.  Section 22.05 of the Texas Penal Code 
covers intent that falls short of harming another:  that is, although no physical harm 
results, the acts are highly dangerous.  
If injury actually occurs from appellant's deliberate conduct, the act of 
shooting towards the victim constitutes more than deadly conduct.  
We are not holding that 
all shootings resulting in injury are greater than deadly conduct.  To the contrary, accidental 
shootings that cause injury, if found to have been done recklessly, have been 
held to be deadly conduct.[13]
 
Here, 
injury occurred from Appellant=s 
deliberate conduct of shooting toward Willis.
Second, 
in the case now before this court, Appellant=s 
testimony disproves deadly conduct because it shows that Appellant=s 
conduct was not merely reckless.[14]  The Texas Penal Code provides that 


A 
person acts recklessly, or is reckless, with respect to circumstances 
surrounding his conduct or the result of his conduct when he is aware of but 
consciously disregards a substantial and unjustifiable risk that the 
circumstances exist or the result will occur.  The risk must be of such a nature and 
degree that its disregard constitutes a gross deviation from the standard of 
care that an ordinary person would exercise under all the circumstances as 
viewed from the actor's standpoint.[15]
Appellant 
testified that he fired his gun because he thought Willis was pulling out a 
gun.  That is, he intentionally 
pulled the trigger on the firearm in self-defense.  Appellant specifically testified, 

When he reaches in his 
pants, I tell the man let me go and they keep walking towards me, but when I 
lean over towards the truck, I grabbed the gun and closed my eyes and I guess 
that is when he turned around, and I fired off a shot.
 
He 
apparently contends that because he closed his eyes at the moment he pulled the 
trigger, he converted his conduct from an intentional assault to reckless 
conduct.  Appellant is 
mistaken.  Additionally, in the 
statement that he provided to the police, Appellant said,
Then they started fussing 
at me.  So I took a gun that I had 
under the passenger seat[;] it was a[] .380.  I stuck the gun out the 
driver=s window.  At first I had it pointed towards the 
ground and I raised it up, turned my head away, close my eyes and pulled the 
trigger.  I=m not sure who I hit[;] 
then I drove away.
 
This 
statement also fails to describe reckless 
conduct.

Because 
the record reveals no evidence that Appellant, if guilty, is guilty only of the 
lesser offense of deadly conduct, we overrule Appellant=s sole 
point and affirm the trial court=s 
judgment.
 
LEE ANN 
DAUPHINOT
JUSTICE
PANEL 
B:   DAUPHINOT, WALKER, and 
MCCOY, JJ.
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED:  December 8, 
2005




[1]See Tex. R. App. P. 
47.4.

[2]Moore v. State, 
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

[3]Tex. Code Crim. Proc. 
Ann. art. 37.09 (Vernon 1981); 
Moore, 969 S.W.2d at 8.

[4]Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore, 969 S.W.2d at 8.

[5]Moore, 969 
S.W.2d at 8.

[6]Id.

[7]Id.

[8]Id.; see 
also Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State, 840 S.W.2d 390, 391‑92 (Tex. Crim. App. 
1992).

[9]See Bell v. State, 693 S.W.3d 434-38 (Tex. Crim. App. 
1985).

[10]See Feldman, 71 
S.W.3d at 750-51; Moore, 969 S.W.2d at 8.

[11]Tex. Penal Code 
Ann. ' 22.05 (Vernon 2003).

[12]Walker v. State, 994 S.W.2d 199, 203 (Tex. App.CHouston [1st Dist.] 1999, pet. 
ref=d).

[13]Id. (citations 
omitted).

[14]We note that this court was favored by an exceptionally 
helpful appendix to Appellant=s brief.

[15]Tex. Penal Code 
Ann. ' 6.03(c) (Vernon 2003); see also Lacour v. State, 
8 S.W.3d 670, 672 (Tex. Crim. App. 
2000).