Jermaine Woods v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-282-CR

JERMAINE WOODS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Jermaine Woods of aggravated assault with a deadly weapon and aggravated assault by recklessly causing serious bodily injury and assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice for each count, with the sentences running concurrently.  The trial court sentenced him accordingly.  Appellant brings a single point on appeal, contending that the trial court erred in refusing to instruct the jury on the lesser included offense of deadly conduct.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant and Rockale Gowan have a daughter together.  Rockale has a younger brother named Willis.  Willis and Appellant do not get along.  On a prior occasion, Willis was armed and threatened to kill Appellant.

On June 16, 2002, Appellant went to Rockale’s apartment to pick up his daughter.  Willis asked Appellant what he wanted.  Appellant called for Rockale and stated that he was ”going to bust a cap in her ass.“  Willis replied that if Appellant wanted to shoot his sister, he should shoot Willis instead.

According to the State, Appellant raised his gun and shot Willis in the back of the neck.  Willis was unarmed and had his hands in the air.  However, Appellant contends that he only grabbed the gun after watching Willis reach into his pants.  Appellant also contends that even though he intentionally fired the gun, he had his eyes closed and did not aim at Willis.

At the conclusion of the testimony, Appellant requested a charge on the lesser included offense of deadly conduct.  The trial court refused the charge.  Appellant pled not guilty, and the jury returned a verdict of guilty.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.
(footnote: 2)  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.
(footnote: 3)  
The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.
(footnote: 4)  The evidence must be evaluated in the context of the entire record.
(footnote: 5)  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.
(footnote: 6)  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.
(footnote: 7)  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.
(footnote: 8)
 It is undisputed that deadly conduct may be a lesser included offense of aggravated assault.
(footnote: 9)  We must therefore determine whether there is some evidence that would permit a rational jury to find Appellant guilty only of deadly conduct and not guilty of aggravated assault.
(footnote: 10)  A person commits the offense of deadly conduct if (1) he recklessly  engages in conduct that places another in imminent danger of serious bodily injury; or (2) he knowingly discharges a firearm at or in the direction of one or more individuals, or a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.
(footnote: 11)
 Appellant’s argument fails for two reasons.  First, as the State points out, citing
 Walker v. State
, deadly conduct covers highly dangerous and intentional acts that fall short of harming another.
(footnote: 12)  As our sister court in Houston  explained in 
Walker
,

Appellant argues that a submission on deadly conduct was warranted because there was evidence that [he] was “merely discharging the weapon in a threatening manner without the intent to kill.”  We disagree.  Section 22.05 of the Texas Penal Code covers intent that falls short of harming another:  that is, although no physical harm results, the acts are highly dangerous.  If injury actually occurs from appellant's deliberate conduct, the act of shooting towards the victim constitutes more than deadly conduct.  

We are not holding that all shootings resulting in injury are greater than deadly conduct.  To the contrary, 
accidental
 shootings that cause injury, if found to have been done recklessly, have been held to be deadly conduct.
(footnote: 13)

Here, injury occurred from Appellant’s deliberate conduct of shooting toward Willis.

Second, in the case now before this court, Appellant’s testimony disproves deadly conduct because it shows that Appellant’s conduct was not merely reckless.
(footnote: 14)  The Texas Penal Code provides that 

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.
(footnote: 15)
Appellant testified that he fired his gun because he thought Willis was pulling out a gun.  That is, he intentionally pulled the trigger on the firearm in self-defense.  Appellant specifically testified, 

When he reaches in his pants, I tell the man let me go and they keep walking towards me, but when I lean over towards the truck, I grabbed the gun and closed my eyes and I guess that is when he turned around, and I fired off a shot.

He apparently contends that because he closed his eyes at the moment he pulled the trigger, he converted his conduct from an intentional assault to reckless conduct.  Appellant is mistaken.  Additionally, in the statement that he provided to the police, Appellant said,

Then they started fussing at me.  So I took a gun that I had under the passenger seat[;] it was a[] .380.  I stuck the gun out the driver’s window.  At first I had it pointed towards the ground and I raised it up, turned my head away, close my eyes and pulled the trigger.  I’m not sure who I hit[;] then I drove away.

This statement also fails to describe reckless conduct.

Because the record reveals no evidence that Appellant, if guilty, is guilty only of the lesser offense of deadly conduct, we overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

3:
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.

4:
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.

5:
Moore
, 969 S.W.2d at 8.

6:
Id.

7:
Id.

8:
Id.
; 
see also Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

9:
See Bell v. State
, 693 S.W.3d 434-38 (Tex. Crim. App. 1985).

10:
See Feldman
, 71 S.W.3d at 750-51; 
Moore
, 969 S.W.2d at 8.

11:
Tex. Penal Code Ann.
 § 22.05 (Vernon 2003).

12:
Walker v. State
, 994 S.W.2d 199, 203 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d).

13:
Id.
 (citations omitted).

14:
We note that this court was favored by an exceptionally helpful appendix to Appellant’s brief.

15:
Tex. Penal Code Ann.
 § 6.03(c) (Vernon 2003); 
see also Lacour v. State
, 8 S.W.3d 670, 672 (Tex. Crim. App. 2000).