Opinion issued December 21, 2006


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01044-CR






CHRISTIAN RAFAEL TRUJILLO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 964659






O P I N I O N


 The State indicted appellant, Christian Rafael Trujillo, for murder. The jury
found him guilty of the lesser included offense of manslaughter and assessed
punishment at 17 years in prison. See Tex. Pen. Code Ann. § 19.04(a) (Vernon
2003). In four issues presented for review, appellant argues that (1) the trial court
erred in refusing to provide an instruction on the lesser included offense of criminally
negligent homicide; (2) the evidence is legally and factually insufficient to prove the
voluntariness of the shooting; and (3) he was denied the Sixth Amendment right to
effective assistance of counsel by his attorney's failure to request an instruction on
involuntary conduct. (1)

 We affirm.

Background


 In the early morning hours of October 13, 2003, appellant and two girls who
were sisters drove to the Savannah at City View apartments. Appellant and the two
sisters went inside Megan Matone's apartment on the second floor. Appellant let the
two sisters leave with his car while he stayed in the apartment. 

 When the sisters took appellant's vehicle and did not come back right away,
appellant became very upset. Appellant raised his voice and used curse words at
Megan. He called his friend, Eric Nunez, to come over and help him find his car.
When Megan told him that the girls returned to the apartment, appellant walked to the
balcony and saw the complainant, Christopher Breed, Howard Roquemone
("Buddy"), and Michael Washington walking from the parking lot. Appellant said
"what's up" to the three men. Appellant and the complainant started arguing and
eventually everyone went inside the apartment. Someone pushed appellant down on
the couch, and when he stood up, the complainant hit him in the face. Eric then
arrived and took appellant out of the apartment, followed by the complainant, Buddy,
and Michael. As appellant and Eric walked toward the entrance gate that led to the
parking lot, appellant took a gun (2) from Eric and walked back to the group of men
standing at the bottom of the stairs. Witnesses testified that appellant came from
around a corner and pointed the gun at the complainant's head. When the
complainant realized appellant was pointing a gun at him, the complainant attempted
to slap appellant's hand away, but the gun discharged and resulted in the complainant
being shot. After the complainant fell down, appellant kicked him several times and
then fled the scene.

 Appellant controverted the eye-witness testimony. He testified that he held the
gun up to scare everyone and that the complainant ran toward him and hit the gun and
it discharged. He further testified that he kicked the complainant because he thought
the complainant was still coming after him. Appellant testified that he did not point
the gun at the complainant's head as other witnesses had testified and that the gun
discharged even though he did not have his finger over the trigger. 

Analysis


 Criminal Negligence

 In his first issue, appellant argues that the trial court erred by failing to include
the lesser included offense of criminally negligent homicide. 

 A person commits the offense of murder if he intentionally or knowingly
causes the death of an individual or intends to cause serious bodily injury and
commits an act clearly dangerous to human life that causes the death of an individual. 
Tex. Pen. Code Ann. § 19.02(b)(1), (2) (Vernon 2003). A person commits the
offense of criminally negligent homicide if he causes the death of an individual by
criminal negligence. Id. § 19.05(a) (Vernon 2003). The Texas Penal Code defines
the pertinent culpable mental states as follows:

(a) A person acts intentionally, or with intent, with respect to . . . his
conduct when it is his conscious objective or desire to . . . cause
the result.


(b) A person acts knowingly, or with knowledge, with respect to a
result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.


(c) A person acts recklessly, or is reckless, with respect to . . . the
result of his conduct when he is aware of but consciously
disregards a substantial and unjustifiable risk that the . . . result
will occur. The risk must be of such a nature and degree that its
disregard constitutes a gross deviation from the standard of care
that an ordinary person would exercise under all the
circumstances as viewed from the actor's standpoint.


(d) A person acts with criminal negligence, or is criminally negligent,
with respect to . . . the result of his conduct when he ought to be
aware of a substantial and unjustifiable risk . . . or the result will
occur. The risk must be of such a nature and degree that the
failure to perceive it constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all
the circumstances as viewed from the actor's standpoint.


Id. § 6.03(a)-(d) (Vernon 2003).

 An offense is a "lesser included offense" if "it differs from the offense charged
only in the respect that a less culpable mental state suffices to establish its
commission." Tex. Code Crim. Proc. Ann. art. 37.09(3) (Vernon 2006). A
defendant is entitled to a lesser included offense instruction if (1) proof of the charged
offense includes the proof required to establish the lesser included offense and
(2) there is some evidence in the record that would permit a jury rationally to find
that, if the defendant is guilty, he is guilty only of the lesser offense. Ferrel v. State,
55 S.W.3d 586, 589 (Tex. Crim. App. 2001). Such evidence must be directly
germane to a lesser included offense before an instruction is warranted. Bignall v.
State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). We must review all evidence
presented at trial to make this determination. Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993). If the evidence raises the issue of a lesser included offense,
a jury charge must be given based on that evidence, "whether produced by the State
or the defendant and whether it be strong, weak, unimpeached, or contradicted." Id.
at 672 (quoting Bell v. State, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)). 

 Criminally negligent homicide is a lesser included offense of murder. See
Saunders v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). Thus, we consider
whether some evidence exists that appellant was guilty only of criminally negligent
homicide. The key to criminal negligence is the failure of the actor to perceive the
risk created by his conduct. See Still v. State, 709 S.W.2d 658, 660 (Tex. Crim. App.
1986); Wong v. State, 745 S.W.2d 563, 565 (Tex. App.--Waco 1988, no pet.). 
Simply because appellant did not intend the result does not automatically entitle him
to a charge on criminal negligence. See Wong, 745 S.W.2d at 565. Rather, the
difference between criminally negligent homicide and manslaughter is the culpable
mental state of criminal negligence for the former and recklessness for the latter. See
Thomas v. State, 699 S.W.2d 845, 849 (Tex. Crim. App. 1985). If the evidence shows
that the defendant's awareness is such that he perceived the risk his conduct created,
he is not entitled to a charge of criminally negligent homicide. Id. at 850. "Evidence
that a defendant knows a gun is loaded, that he is familiar with guns and their
potential for injury, and that he points a gun at another indicates a person who is
aware of a risk created by that conduct and disregards the risk." Id. Such a person
is "at least reckless." Id. 

 In his appellate brief, appellant argues that the following evidence raises
negligent homicide:

 Appellant testified that after becoming upset because his car was
stolen, he was beaten by perceived complicitors to the theft and
rescued by a friend who helped him leave the area. Before they
could get away, Appellant noticed the men who had beaten him
following them and asked his friend to [sic] pistol to frighten the
men off. The friend handed Appellant the pistol, Appellant raised
it in the air, was turning around and intent on putting it in his
waist and leave. Before that could happen, one of the men who
was at Appellant's side ran up and hit the gun in Appellant's
hand, causing it to discharge. At the time, Appellant did not see
the man coming, did not point the gun at him, did not intend to
shoot or kill that person, did not intend to pull the trigger, did not
have his finger on the trigger, did not feel how the man hit
Appellant's hand and did not know that the man was shot.

 

 The testimony upon which appellant relies does not show that he failed to
perceive the risk of brandishing a loaded gun. In fact, appellant's testimony that he
wanted the gun to "frighten the men off" shows that he either disregarded the risk or
knew the risk of having a loaded gun. Appellant also indicated that he perceived the
risk when, prior to shooting the complainant, appellant described his intent when he
picked up the gun: "I just raised the gun up in the air for they can scare, they can get
scared and run away. And they did." When appellant returned home from the
shooting, the gun accidentally discharged in his apartment. Appellant also perceived
the risk of having a loaded gun when he testified, "I was just looking at [the gun], and
I had it in my hand and I don't know how it went off, I just grabbed it and it went off
. . . I got scared of the gun, man. I just put it up." 

 Because appellant did not present evidence to show that he failed to perceive
the risk created by his conduct, and the evidence shows that he did perceive and
disregard that risk, the trial court did not err in failing to give an instruction on
criminally negligent homicide. 

 We overrule appellant's first issue. 

 Involuntary Conduct

 In his fourth issue, appellant argues that he received ineffective assistance of
counsel because his attorney failed to request an instruction on involuntary conduct.

 Both the United States and Texas Constitutions guarantee an accused the right
to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 2005). This right includes the right to
reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show
that (1) trial counsel's representation fell below an objective standard of
reasonableness, based on prevailing professional norms and (2) the result of the
proceeding would have been different but for trial counsel's deficient performance. 
Strickland, 466 U.S. at 688-92, 104 S. Ct. at 2064-67; see also Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant has the burden of proving his
claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). We apply a strong presumption that trial counsel was
competent. See Thompson, 9 S.W.3d at 813. We presume counsel's actions and
decisions were reasonably professional and motivated by sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

 Involuntary conduct is a defense to prosecution. See Tex. Pen. Code Ann.
§ 6.01(a) (Vernon 2003) ("A person commits an offense only if he voluntarily
engages in conduct including an act, an omission, or possession."). Upon a timely
request, an accused has the right to an instruction on any defensive issue raised by the
evidence, whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court may or may not think about the credibility of the
defense. Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); Miller v.
State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). The evidence may come from
any source, including the defendant. See Miller, 815 S.W.2d at 585. A defendant is
entitled to a charge on the issue of the voluntariness of his acts when warranted by
the evidence. Brown v. State, 955 S.W.2d 276, 279-80 (Tex. Crim. App. 1997).

 "When a person claims the involuntary-act defense he is conceding that his
own body made the motion but denies responsibility for it." Rogers v. State, 105
S.W.3d 630, 639 n.30 (Tex. Crim. App. 2003) (citations omitted). "Voluntariness,"
within the meaning of section 6.01(a), refers only to one's own physical body
movements. Id. at 638. "If those physical movements are the nonvolitional result of
someone else's act, are set in motion by some independent non-human force, are
caused by a physical reflex or convulsion, or are the product of unconsciousness,
hypnosis or other nonvolitional impetus, that movement is not voluntary." Id. "[A]n
instruction on voluntariness is necessary only if the defendant admits committing the
act charged and seeks to absolve himself from criminal responsibility for engaging
in the conduct." Bell v. State, 867 S.W.2d 958, 962 (Tex. App.--Waco 1994, no
pet.). 

 Here, appellant did not admit to committing the act charged. Rather, appellant
testified that the gun discharged even though he did not have his finger over the
trigger. Appellant's testimony that he did not touch the trigger does not show that "he
was the passive instrument of another's act, i.e., that, somehow, his finger had been
made to exert the requisite [five-and-one-half] pounds of force (3) to squeeze the trigger
and fire the gun." See Rogers, 105 S.W.3d at 640. Because he did not admit to
committing the act charged, i.e., pulling the trigger to discharge the gun, appellant
was not entitled to an instruction on involuntary conduct. Thus, appellant's trial
counsel was not deficient in failing to ask for an instruction on involuntary conduct. 
 We overrule appellant's fourth issue. (4)

Conclusion


 We affirm the judgment of the trial court.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).
1. Appellant's brief sets out a fifth issue, complaining of the denial of a requested
instruction regarding justified threat of force, but it was never pursued. Thus, we do
not address it. See Tex. R. App. P. 38.1(h).
2. The gun is described as a semi-automatic .25 caliber Lorcin. 
3. Officer Richard Anderson testified that a person would have to exert five-and-one-half pounds to fire the gun. He also testified that the gun was functioning properly
when he fired it. 
4. In his second and third issues for review, appellant argues that the evidence that he
committed a voluntary act is legally and factually insufficient. Whether appellant
committed a voluntary act is a defense to prosecution and not an element of the
offense. See Brown v. State, 955 S.W.2d 276, 279-80 (Tex. Crim. App. 1997). 
Therefore, appellant cannot attack "voluntariness" on legal and factual sufficiency
grounds. See LaSalle v. State, 973 S.W.2d 467, 473 (Tex. App.--Beaumont 1998,
pet. ref'd) ("Under either . . . legal sufficiency review or a . . . factual sufficiency
review, the scope is limited to an examination of the record for proof of the essential
elements of the offense for which the accused was convicted . . . .").