Opinion filed May 27, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00325-CR 

                                                    __________

 

                            STEVEN
FRANCIS GENTRY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                            Nolan
County, Texas

 

                                                    Trial
Court Cause No. 10596-B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Steven Francis Gentry of possession with intent to deliver a
controlled substance (psilocin)[1]
and sentenced him to confinement in the Institutional Division of the Texas
Department of Criminal Justice for a term of forty years.  The jury
additionally imposed a fine of $10,000.  In a single issue, appellant
challenges his conviction on the contention that the trial court erred in
denying his requested jury charge on the lesser included offense of simple
possession.  We affirm.

Background
Facts

            On
January 29, 2007, Trooper Steven Gleaton of the Texas Department of Public
Safety observed appellant’s vehicle traveling on Interstate 20 west of Roscoe
with the view of the word “Texas” being obstructed on the vehicle’s rear license
plate.  Trooper Gleaton stopped the vehicle based upon this observation and
spoke with appellant outside of his vehicle.  Upon noticing that appellant was
unusually nervous during the stop, Trooper Gleaton conducted a protective
frisk.  Trooper Gleaton discovered a plastic baggie containing marihuana in the
pocket of appellant’s sweater while patting down appellant.  A further search
of the pocket revealed the presence of another baggie containing dried
mushrooms.  William L. Todsen is a DPS forensic scientist that analyzed the
dried mushrooms recovered from appellant.  He testified that his lab analysis
of the dried mushrooms revealed that they weighed 5.70 grams and that they
contained psilocin.

            Appellant
was indicted for possession with the intent to deliver between four and 400
grams of psilocin.  Possessing between four and 400 grams of psilocin with the
intent to deliver constitutes a first degree felony.  Tex. Health & Safety Code Ann. §§ 481.103, .113(d)
(Vernon Supp. 2009).  Simple possession of between four and 400 grams of
psilocin constitutes a second degree felony.  Tex.
Health & Safety Code Ann. §§ 481.103, .116(d) (Vernon Supp. 2009). 
The State premised its case for convicting appellant of possession with the
intent to deliver on a comment that he made to Trooper Gleaton when the
mushrooms were discovered.  Appellant told Trooper Gleaton that it had been a
long time since he had consumed any mushrooms and that he was taking the
mushrooms in his pocket to a friend.

            In
cross-examining Trooper Gleaton and Todsen, defense counsel asked them
questions pertaining to the amount of mushrooms obtained from appellant in
comparison to the amount typically consumed by a user.  Todsen testified that
his office did not analyze mushrooms very often.  With respect to the amount of
mushrooms recovered from appellant, Todsen testified that he did not know how
many dosage units it would constitute.  Trooper Gleaton initially testified at
trial that the amount of mushrooms recovered from appellant constituted a large
amount.  When confronted with his earlier comment that the amount recovered
constituted a small amount, Trooper Gleaton clarified his answer by
characterizing the amount recovered as “more than just user [amount].”

            Appellant
rested at the close of the State’s evidence without offering any evidence. 
After the close of evidence, defense counsel requested a jury charge on the
lesser included offense of simple possession.  The prosecutor opposed the
request on the basis of appellant’s comment to Trooper Gleaton that he was
transporting the mushrooms to a friend.  Defense counsel responded to the
prosecutor’s argument by asserting that the jury was free to disbelieve appellant’s
comment and that there was no evidence of packaging materials or other physical
evidence indicating an intent to deliver.  The trial court denied appellant’s
requested charge for the lesser included offense.

Standard
of Review

A defendant is entitled to an instruction on a lesser included offense
where the proof for the offense charged includes the proof necessary to
establish the lesser included offense and there is some evidence in the record
that would permit a jury rationally to find that if the defendant is guilty, he
is guilty only of the lesser included offense. Hall v.
State, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007); Bignall v. State,
887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing Rousseau v. State,
855 S.W.2d 666, 673 (Tex. Crim. App. 1993)); see Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).  Evidence from any source may raise such a defensive issue. Mendoza v. State, 88
S.W.3d 236, 239 (Tex. Crim. App. 2002).  Anything more than a scintilla of
evidence may be sufficient to entitle a defendant to a charge on the lesser
included offense. Hall, 225 S.W.3d at 536.  In making our
determination, we must review all evidence presented at trial. Rousseau,
855 S.W.2d at 673. We review the trial court’s decision regarding a lesser
included offense charge under an abuse of discretion standard. Dobbins v.
State, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism’d,
untimely filed).

            The
State concedes that simple possession of a controlled substance is a lesser
included offense of possession with intent to deliver.  See Upchurch v. State, 23
S.W.3d 536, 538 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (Possession of
a controlled substance is a lesser included offense of possession with intent
to deliver a controlled substance.).  Therefore, we direct our focus on the
second prong of the test to determine if there is some evidence that would
permit a jury rationally to find that, if the defendant is guilty, he is guilty
only of the lesser offense.  Rousseau, 855 S.W.2d at 673.  We must
determine if there is some evidence that appellant possessed the mushrooms for
his personal use with no intention of delivering them to someone else.  See
Garcia v. State, 218 S.W.3d 756, 760-61 (Tex. App.—Houston [1st Dist.]
2007, no pet.); Hanks v. State, 104 S.W.3d 695, 699-700 (Tex. App.—El Paso
2003), aff’d, 137 S.W.3d 668 (Tex. Crim. App. 2004).

            Appellant
directs our attention to the comment that he nervously made to Trooper Gleaton
that he was taking the mushrooms to a friend.  He contends that it was within
the jury’s province to disbelieve this comment and thereby find him guilty of
simple possession.  He also cites the lack of evidence that the amount of
mushrooms that he possessed constituted more than a single dose.  We conclude
that these matters do not constitute “some evidence” that he possessed the
mushrooms for personal use with no intent to deliver.  In this regard, we note
that appellant additionally stated to Trooper Gleaton that it had been a long
time since he had consumed any mushrooms when stating that he was taking the
mushrooms to a friend. 

In
determining whether the second prong has been met, it is not enough that the
jury may disbelieve crucial evidence pertaining to the greater offense, but
rather, there must be some evidence directly germane to the lesser included
offense for the finder of fact to consider before an instruction on a lesser included
offense is warranted. Hampton v. State, 109
S.W.3d 437, 441 (Tex. Crim. App. 2003); Skinner v. State, 956
S.W.2d 532, 543 (Tex. Crim. App. 1997).  Appellant does
not rely on evidence that affirmatively rebuts or negates his intent to deliver
the mushrooms.  See Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App.
1996); Saunders v. State, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). 
Instead, he relies on the jury disbelieving the evidence that he intended to
deliver the mushrooms.  This is not sufficient to satisfy the second prong
under Hampton and Skinner.  Furthermore, the lack of evidence is
not evidence that affirmatively negates or refutes his intent to deliver the
mushrooms.

            In
his reply brief, appellant cites an alternative basis identified in Saunders
for satisfying the second prong.  The court in Saunders noted that there
are two ways in which the evidence may indicate that a defendant is guilty only
of the lesser offense.  840 S.W.2d at 391.  First, there may be evidence that
refutes or negates other evidence establishing the greater offense.  Id. 
Second, a defendant may be shown to be guilty only of the lesser offense if the
evidence presented is subject to different interpretations.  Id. at
392.  Appellant contends that his statement to Trooper Gleaton satisfies the
second prong because it is subject to different interpretations.  We disagree. 
Other than a credibility determination, appellant’s statement was not subject
to different interpretations.  As noted previously, it is not enough that the jury
may disbelieve crucial evidence pertaining to the greater offense to establish
the second prong of the test.   See Skinner, 956 S.W.2d at 543.  We
conclude that the trial court did not abuse its discretion in denying
appellant’s requested charge on the lesser included offense of simple
possession.  Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

May 27, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Psilocin is a Schedule I, Penalty Group 2 hallucinogenic substance obtained from certain
mushrooms indigenous to tropical and subtropical regions of South America,
Mexico, and the United States of America.  Tex.
Health & Safety Code Ann. §§ 481.032, .103 (Vernon Supp. 2009); see http://www.justice.gov/dea/concern/psilocybin.html.