# NO. 12-14-00093-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES CLAYBURN KISER, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Clayburn Kiser appeals his conviction for indecent exposure. He raises two issues on appeal. We affirm.

## BACKGROUND

Appellant was charged by information for committing the offense of indecent exposure. He pleaded "not guilty" and a jury trial was held. Ultimately, a jury found Appellant "guilty" and assessed his punishment at one hundred fifty days in jail and a fine of $1,750. This appeal followed.

## LESSER INCLUDED OFFENSE

In his first issue, Appellant contends the trial court erred by not including a lesser included instruction for the offense of disorderly conduct in the jury charge. The State contends a lesser included instruction was not warranted.

### Standard of Review

A two step process is used to determine whether an appellant was entitled to an instruction on a lesser included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). First, we determine whether the offense qualifies as a "lesser included offense"

under article 37.09 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This is a question of law, and does not depend on the evidence raised at trial. *Cavazos*, 382 S.W.3d at 382; *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Next, we consider whether the evidence shows that if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383. This second step is a question of fact, and is based on all of the evidence presented at trial, regardless of whether it is weak, impeached, or contradicted. *Id.*

Although the threshold showing for an instruction on a lesser included offense is low—more than a scintilla of evidence—the evidence must establish that the lesser included offense is a valid and rational alternative to the charged offense. *Hall*, 225 S.W.3d at 536. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted." *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. *Cavazos*, 382 S.W.3d at 385.

**Applicable Law**

A person commits the offense of indecent exposure if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act. TEX. PENAL CODE ANN. § 21.08(a) (West 2011). A person commits the offense of disorderly conduct by exposure if he intentionally or knowingly exposes his anus or genitals in a public place and is reckless about whether another may be present who will be offended or alarmed by his act. TEX. PENAL CODE ANN. § 42.01(a)(10) (West Supp. 2014).

Disorderly conduct by exposure does not require proof of an "intent to arouse or gratify the sexual desire of any person." *Compare* TEX. PENAL CODE ANN. § 21.08(a) *with* TEX. PENAL CODE ANN. § 42.01(a)(10). Both parties agree that disorderly conduct is a lesser included offense of indecent exposure. For purposes of our analysis, we will assume without deciding that disorderly conduct by exposure is a lesser included offense of indecent exposure. *See* TEX. R. APP. P. 47.1. Accordingly, we examine all of the evidence presented at trial. *See Cavazos*, 382 S.W.3d at 383.

**The Evidence**

Appellant contends that he was entitled to a lesser included instruction because the victim did not see him masturbating. Our summary of the evidence follows.

1. Eyewitness Testimony

The victim in this case testified that she saw Appellant walk "into the bushes" at Rose Rudman Park during her morning run on June 13, 2012.[1] She explained that she did not think there was anything unusual about Appellant's conduct and believed that he was "just relieving himself in the bushes." But then she saw two women pushing baby strollers look in Appellant's direction, cover their mouths, and start walking faster to get away from him. As the victim approached Appellant's location near the running trail, she heard a branch break. When she looked towards the direction of the sound, she saw Appellant with his shorts halfway down his legs. She explained that Appellant was turned towards her, holding his penis, which was not erect.

The victim described Appellant's holding of his penis as "almost like you would think he was peeing[, b]ut nothing was coming out, so he wasn't peeing." She testified she did not make eye contact with Appellant, but explained that he was "kind of looking kind of down" when he exposed himself.

Pastor James Johnson testified that, on the same day, he noticed a man "doing something" in the bushes. He explained that "I don't know exactly what he was doing. . . . It was kind of weird[.]" But he said he knew Appellant was doing something because there was movement in the bushes. Johnson testified that Appellant was sitting in a "relaxed position" and he did not believe Appellant was urinating.

2. Law Enforcement Testimony

Tyler Police Department Officer James Lenderman was the first to arrive at Rose Rudman Park in response to Appellant's reported exposure. As he approached the park, he saw Appellant run to a small silver van. Eventually, he conducted a traffic stop of Appellant's vehicle. According to Officer Lenderman, Appellant was nervous because he was stuttering and "sweating profusely." During his conversation, Appellant denied being in the park that morning and said that he and his brother were looking for a dog that jumped out of the window to run

---

[1] The victim did not make an in-court identification at trial, but testimony from the responding officers confirmed that Appellant was the man she identified on the day of the offense.

after a squirrel. Appellant further told Officer Lenderman that his brother was at someone's house but may have left with the lawn crew that was working a couple of houses down.

Tyler Police Officer John Weaver arrived shortly after Officer Lenderman. He testified that the description of the suspect was a "[b]lack male wearing pale yellow green shorts, swim trunks." Officer Weaver was present when Officer Lenderman questioned Appellant. His testimony was consistent with Officer Lenderman's testimony. But in addition to describing Appellant's explanations, Officer Weaver testified that he found a bottle of lotion and a towel inside Appellant's vehicle. Officer Weaver also investigated Appellant's contentions that his brother was at a nearby house or with a lawn crew. He testified that when he went to the house of Appellant's "old friend," none of the occupants knew Appellant. And despite Appellant's assertions that his brother was nearby, Officer Weaver never found him.[2]

While speaking with the police, Pastor Johnson was walking in the park and Appellant beckoned him to speak with the officers. The record showed that Appellant acted like he knew Johnson, and said, "It's me that asked you about the dog." A video recording of the interaction Appellant had with the police and Johnson was introduced into evidence. The recording showed that Johnson's reply to Appellant's assertion was "No. Nobody asked me about a dog."

Tyler Police Sergeant Destry Walsworth was also present during Appellant's questioning. He testified that he became familiar with the stories Appellant told Officers Lenderman and Weaver when he arrived at the scene. Sergeant Walsworth testified that Appellant was not wearing underwear and that he believed Appellant was not truthful in explaining why and what he was doing in the park that morning. He further testified that he made the ultimate decision to arrest Appellant for indecent exposure. Sergeant Walsworth explained that the totality of the circumstances gave him probable cause to arrest Appellant. Walsworth testified that the victim's and Johnson's accounts of what they saw, when viewed in light of the fact that Appellant was not wearing any underwear and had lotion and a towel inside his vehicle, gave him probable cause to arrest Appellant for indecent exposure.[3]

---

[2] At some point during their conversation, Appellant advised Officer Lenderman that his brother might not be found because he "might have some warrants."

[3] Sergeant Walsworth testified that he has been involved in "numerous" indecent exposure cases and that the lotion and towel were "common tools to the trade" and "common for us to see" in cases involving indecent exposure.

**Discussion**

There are two ways evidence may indicate a defendant is guilty of only the lesser offense. *See Cavazos*, 382 S.W.3d at 385. First, there may be evidence that refutes or negates other evidence establishing the greater offense. *See Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). Second, there may be evidence presented that is subject to different interpretations. *See id.* at 392.

The record shows that the State proved the gratification element by using circumstantial evidence. Appellant contends that the victim's testimony that he was not masturbating implies there was no sexual gratification, which entitled him to the lesser included instruction. We disagree.

Evidence of a defendant's masturbation or sexual arousal is not a prerequisite to proving the gratification element of indecent exposure because (1) the gratification element applies to "any person" and (2) the exposure is the precursor to the intended gratification. *See* TEX. PENAL CODE ANN. § 28.01. Thus, evidence that Appellant was not masturbating or sexually aroused when he exposed himself does not refute or negate the circumstantial evidence that proved the gratification element for indecent exposure. *See Saunders*, 840 S.W.2d at 391. Because this evidence does not refute or negate the other evidence establishing the greater offense, it also does not raise disorderly conduct as a lesser included offense. *See id.* at 392.[4]

At most, the victim's testimony that she believed Appellant was urinating when he first entered the bushes and did not see him masturbating creates speculation about Appellant's conduct in the bushes. However, speculation is insufficient to warrant an instruction for a lesser included offense instruction. *See Cavazos*, 382 S.W.3d at 385; *Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007) ("Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented."). There must be affirmative evidence that both raises disorderly conduct as a lesser included offense and rebuts or negates the gratification element of indecent exposure. *See Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013); *Cavazos*, 382 S.W.3d at 385. No such affirmative evidence exists here.

---

[4] We note that the video shows Appellant denying "do[ing] anything" in the park. Evidence of Appellant's denial also does not entitle him to his requested instruction because it also denies the commission of the lesser offense. *See, e.g.*, *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex. Crim. App. 1992) (if defendant denies commission of offense, charge on lesser offense not required).

## Conclusion

We have reviewed all of the evidence presented at trial, and conclude there is no evidence that would permit a rational jury to find that if Appellant is guilty, he is guilty only of disorderly conduct by exposure. *See Cavazos*, 382 S.W.3d at 383. The trial court did not err in denying Appellant's request for a lesser included instruction. Accordingly, we overrule Appellant's first issue.

## COURT COSTS

In his second issue, Appellant contends the trial court erred in ordering him to pay attorney's fees and a "jury fee lunch." The State agrees that the assessment of these fees is error.

## Standard of Review and Applicable Law

When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Only statutorily authorized court costs may be assessed against a criminal defendant. *Id.* at 389.

A trial court has the authority to assess attorney's fees against a criminal defendant who received court appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in [his] financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.).

## Discussion

The trial court's judgment orders the State of Texas to "recover . . . all costs of this prosecution expended" from Appellant. The bill of costs reflects the assessment of a "Jury Fee Lunch" in the amount of $66.43 and "Attorney Fees" in the amount of $700.00.

There is no statutory provision that authorizes a trial court to impose a "Jury Fee Lunch" as court costs against a criminal defendant. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.001–.022 (West Supp. 2014). Thus, the trial court's assessment of the "Jury Fee Lunch" is improper. *See*

TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2006) ("An officer may not impose a cost . . . for a service for which a cost is not expressly provided by law.").

The record shows that the trial court appointed counsel to represent Appellant at trial and on appeal because he was indigent. The record contains no evidence that Appellant's financial circumstances materially changed. Thus, there is no basis in the record to support the imposition of attorney's fees. *See Johnson*, 405 S.W.3d at 354. The assessment of attorney's fees is also improper. Accordingly, we sustain Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first issue, but sustained his second issue, we *modify* the judgment of the trial court to reflect that the costs recovered from Appellant include "all costs of this prosecution expended, except attorney's fees and the jury fee lunch[.]" We *affirm* the judgment *as modified*. *See* TEX. R. APP. P. 43.2(b).

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2015**

**NO. 12-14-00093-CR**

**JAMES CLAYBURN KISER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 002-80420-13)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the costs recovered from Appellant include "all costs of this prosecution expended, except attorney's fees and the jury fee lunch;" **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*